Otis DANIEL, Jr., etc., et al., etc.,
Plaintiffs-Appellants,

v.

WASHINGTON COUNTY BOARD OF EDUCATION and William Rawlings, Individually and in his official capacity as President of the Washington County Board of Education, et al., etc., Defendants-Appellees.

No. 73–1836.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1973.

---

Bernice Turner, William C. Randall, Macon, Ga., Jack Greenberg, Charles E. Williams, III, Charles S. Ralston, New York City, for plaintiffs-appellants.

Thomas A. Hutcheson, Sandersville, Ga., Denmark Groover, Macon, Ga., for defendants-appellees.

Before GODBOLD, DYER and GEE, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a preliminary injunction sought by the plaintiffs, black students, for reinstatement from suspension or expulsion from school because the procedures followed by the defendants, it is claimed, did not comply with the requirements of due process as defined and refined by this Court in Black Students v. Williams, 5 Cir. 1972, 470 F.2d 957; Williams v. Dade County School Board, 5 Cir. 1971, 441 F.2d 299; Dixon v. Alabama State Board of Education, 5 Cir. 1961, 294 F.2d 150.

Because of the passage of time the plaintiffs now limit their request for relief to require the defendants to expunge from the record of each black student punished any notation of the suspension or expulsion imposed pursuant to the hearings in October and November, 1972. Additionally, plaintiffs seek an injunction to require the defendants to enact disciplinary procedures comporting with due process.

After a lengthy hearing the court below entered an order, but the observations made in the course of it are not, in any proper sense, findings of fact upon the vital issues in the case. Statements of ultimate fact are mingled with arguments and extraneous views and advice. "It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) of the Rules of Civil Procedure" (footnote omitted). Mayo v. Lakeland Highlands Canning Co., 1940, 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774. Accordingly, we vacate the order of the district court and remand this cause with directions to make explicit findings of fact and conclusions of law.

Vacated and remanded with directions.