**Paul ECHOLS and Kenneth Ray Gibbons, Plaintiffs-Appellants,**

v.

**L. B. SULLIVAN et al., Defendants-Appellees.**

No. 75–2074
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1975.

Joseph J. Levin, Jr., Montgomery, Ala., for plaintiffs-appellants.

Winston T. Lett, Lanny Newman, Asst. Attys. Gen., William J. Baxley, Atty. Gen., Montgomery, Ala., for defendants-appellees.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In his § 1983 suit Echols claimed that the employees of the Alabama Board of Corrections threatened his life and health if he testified on behalf of a fellow prisoner at the latter's trial for murder. The district court filed a memorandum opinion and entered judgment for the defendant. We vacate and remand for findings of fact and conclusions of law as required by Rule 52(a), F.R.Civ.P.

On January 18, 1974, Echols was incarcerated in the segregation unit at the Fountain Correctional Center, Atmore, Alabama. On that day, an uprising by black prisoners occurred in the unit, during which two guards were captured by the inmates, and a guard and inmate were killed. Eventually, corrections officials regained control of the unit. Although present in the segregation unit, there is no evidence that Echols was directly involved in the uprising.

As a result of these events, numerous indictments against the inmates were filed, with Oscar Johnson, a black man, the first to face trial for first degree murder. Johnson's attorneys learned that Echols might have knowledge of facts which would exculpate Johnson, and approached Echols as to whether he might testify. As a result of this exchange, Echols did in fact agree to testify in Johnson's behalf.

Echols claims that as a result of his decision to testify, certain corrections officials threatened him. He further claims that the defendants, the Commissioner and Chairman of the Board of Corrections, failed to exercise authority and control over the activities of their employees, the corrections officers. He seeks to have the Commissioner and Chairman insure that he is not threatened, harassed, or injured by any corrections officers in the prison system.

■ After a hearing on the merits, the district court entered a memorandum opinion. Other than indirect comments on the evidence the court made no finding concerning whether Echols was, in fact, beaten during the uprising, whether force was necessary, or whether what took place gave Echols reason to fear for his safety. Nor did the court resolve the sharp conflict in the evidence with respect to whether Echols was threatened as a result of his decision to testify. Moreover, there was no finding made by the court that the guards were or were not adequately trained or supervised. Finally, we are unable to discern from the opinion what weight or credibility the court gave to the differing witnesses, since the court stated simply that "one side or the other appears to be guilty of perjury. . . ."

■ We have often taken pains to point out that findings that are nothing more than broad general statements, stripped of underlying analysis or justification shedding some light on the reasoning employed, makes it impossible for this Court to give meaningful review to the judgment. *Daniel v. Washington County Board of Education*, 5 Cir. 1973, 488 F.2d 82; *Nickerson v. Travelers Insurance Company*, 5 Cir. 1971, 437 F.2d 113; *Davis v. United States*, 5 Cir. 1970, 422 F.2d 1139.

The judgment of the district court is vacated and the cause is remanded for appropriate findings to be made. 5 Moore's Federal Practice § 52.06(2), p. 2718 (2d ed. 1969).[1]

Vacated and remanded.

1. Kenneth Ray Gibbons is no longer incarcerated in an Alabama prison. His appeal is therefore dismissed as moot and the district court is directed to vacate the judgment as to him.