582 F.2d 3
 Complaint of the ITHACA CORPORATION, as owner, and Texas
City Tankers, as Bare Boat Charterer, of the SS V.
A. FOGG, her engines, etc., in a cause
of exoneration of or from
limitation of liability,
Francis J. Dooley, Plaintiff-Appellant.
 No. 78-1350
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 10, 1978.
 Schechter & Shelton, Houston, Tex., for plaintiff-appellant.
 Francis J. Dooley, pro se.
 Sadler & Sadler, Howard C. Sadler, Port Arthur, Tex., Mandell & Wright, Herman Wright, Houston, Tex., for appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 In February 1972 the tanker SS V. A. Fogg went down with all hands. Its owners filed for limitation of liability, and federal district Judge Noel ordered that all relevant claims be filed in Galveston, Texas. Appellant, Francis Dooley, a New Jersey attorney, filed a claim on behalf of Norma Shultz. Shultz signed a standard contingent fee contract. Dooley conducted discovery and investigated the loss of the vessel. About two years later Shultz decided to change attorneys and filed a motion to substitute appellee, Rassner & Rassner of New York, as counsel of record. Judge Noel held a hearing at which the parties agreed that the substitution would occur and Dooley would be adequately compensated for his services from the final settlement.
 
 
 2
 Two years later the claim was settled for $225,000. Judge Noel ordered that $69,500 be deposited in the court registry for distribution among the attorneys. The case was then transferred to federal district Judge Sterling, and Rassner & Rassner moved for distribution of the attorneys fees. Judge Sterling, ruling on the record, awarded $9,500 to Dooley, with $2,215.32 of that amount to go to Herman Wright for his representation of Dooley; and the remaining $60,000 to Rassner & Rassner.
 
 
 3
 This appeal is solely concerned with the allocation of attorneys fees. The parties contest, among other things, the number of hours appellant worked on the Shultz claim and the value of his services. Although the proper allocation of fees was in dispute, the district court entered no findings of fact or conclusions of law to explain its decision.
 
 
 4
 The law in this area is clear. The Federal Rules of Civil Procedure provide, "(i)n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon." Fed.R.Civ.P. 52(a). One purpose of this rule is to aid the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2571 (1971). When, because of absence of findings of fact or conclusions of law, an appellate court cannot determine whether the record supports the trial court decision, it should remand the action for entry of findings of fact and conclusions of law. Premier Corp. v. Serrano, 565 F.2d 1353 (5th Cir. 1977); Echols v. Sullivan, 521 F.2d 206, 207 (5th Cir. 1975); Sellers v. Wollman, 510 F.2d 119, 122 (5th Cir. 1975).
 
 
 5
 We cannot treat the issues raised on appeal without knowing the basis for the trial court's allocation of attorneys fees. We therefore vacate the order appealed from and remand the cause to the district court with directions to enter findings of fact and conclusions of law and judgment accordingly on this or a supplemented record.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I