Herbert L. FENSTER, Appellant,

v.

Harold BROWN, Secretary of Defense, et al.

No. 78–2169.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1979.

Decided Dec. 18, 1979.

Robert L. Ackerly, Washington, D. C., with whom Mitchell H. Segal, Washington, D. C., was on the brief, for appellant. Lane L. McVey, Washington, D. C., also entered an appearance for appellant.

Barbara L. Herwig, Atty., Dept. of Justice, Washington, D. C., with whom Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed, and Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees. Linda M. Cole, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellees.

Before J. EDWARD LUMBARD,* Senior Circuit Judge for the Second Circuit, and TAMM and MIKVA, Circuit Judges.

Opinion for the court filed ·by TAMM, Circuit Judge.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Section 552(a)(4)(E) states:

 The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
 5 U.S.C. § 552(a)(4)(E) (1976).

2. Gilbert Cuneo died during the pendency of this suit. Herbert Fenster is the sole appellant.

TAMM, Circuit Judge:

Appellant, after "substantially prevailing" in litigation seeking the release of federal documents, sought an award of attorneys' fees under section 552(a)(4)(E) of the Freedom of Information Act (FOIA).[1] United States District Judge George L. Hart, Jr., denied the request, prompting this appeal. Believing that Judge Hart properly exercised his discretion in denying the award, we affirm.

## I.

Gilbert Cuneo (now deceased) and Herbert Fenster,[2] partners in a Washington law firm that specializes in government contract law, filed this suit against then Secretary of Defense Robert S. McNamara in 1967 seeking disclosure of the Defense Contract Audit Manual, a manual used by the Defense Contract Audit Agency (DCAA) to aid inspectors who audit government contracts. *See Cuneo v. Laird,* 338 F.Supp. 504 (D.D.C.1972), *remanded sub nom. Cuneo v. Schlesinger,* 157 U.S.App.D.C. 368, 484 F.2d 1086 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). After resisting disclosure for eight years, the Government finally released the manual to the public while this case was pending in the district court. Appellant, having "substantially prevailed" within the ·meaning of section 552(a)(4)(E), filed a request for attorneys' fees. The district court denied the request because the attorneys were acting *in propria persona,* and therefore outside section 552(a)(4)(E). *Cuneo v. Schlesinger,* No. 1826–67 (D.D.C. Sept. 15, 1975) (Order Denying Attorneys' Fees).[3] This court reversed the district court's determination,

3. The court also found that section 552(a)(4)(E), an addition under the Freedom of Information Act Amendments of 1974, Pub.L. No. 93–502, 88 Stat. 1561, did not apply to suits filed before the provision's effective date of February 19, 1975. On appeal, this court disagreed, finding that "the law at the time the action is terminated, and not the law in force at the time of commencement" of an action, controls the award of attorneys' fees. *Cuneo v. Rumsfeld,* 180 U.S.App.D.C. 184, 191, 553 F.2d 1360, 1367 (D.C.Cir.1977).

*Cuneo v. Rumsfeld,* 180 U.S.App.D.C. 184, 553 F.2d 1360 (D.C.Cir.1977), and remanded the case to the district court to consider the relevant criteria and exercise its discretion in ruling on an award of fees. *Id.* at 1367. On remand, Judge Hart considered these criteria and declined to award fees. *Cuneo v. Brown,* No. 1826–67 (D.D.C. Aug. 7, 1978) (Order Denying Attorneys' Fees). Appellant Fenster challenges that ruling as an abuse of discretion.

## II.

In 1974, Congress amended the Freedom of Information Act to authorize attorneys' fees for complainants who "substantially prevailed" in litigation under the Act. Freedom of Information Act Amendments of 1974, Pub.L. No. 93–502, § 1(b)(2), 88 Stat. 1561 (codified at 5 U.S.C. § 552(a)(4)(E) (1976)). The Senate Report accompanying this legislation noted the importance of this new provision:

[it is] crucial to effectuating the original congressional intent that judicial review be available to reverse agency refusals to adhere strictly to the Act's mandates. Too often the barriers presented by court costs and attorneys' fees are insurmountable for the average person requesting information, allowing the government to escape compliance with the law.

S.Rep. No. 854, 93d Cong., 2d Sess. 17 (1974) [hereinafter cited as Senate Report], *reprinted in* House Comm. on Gov't Operations & Senate Comm. on the Judiciary, 94th Cong., 1st Sess., Legislative History of the Freedom of Information Act Amend- ments of 1974, pt. 1, at 169 (Joint Comm. Print 1975) [hereinafter cited as Legislative History].

 Congress, in authorizing the award of attorneys' fees, left to the traditional equitable discretion of the courts the decision whether such fees are appropriate in any given disclosure case. When this case was previously before this court in *Cuneo v. Rumsfeld,* we stated:

It is clear from the legislative history that Congress did not intend the award of attorney fees to be automatic. Instead, the trial court must weigh the facts of each case against the criteria of the existing body of law on the award of attorney fees and then exercise its discretion in determining whether an award is appropriate.

180 U.S.App.D.C. at 191, 553 F.2d at 1367 (footnotes omitted). Noting that it is "better to have that discretion exercised by the court which has been most intimately connected with the case," *id.* at 192, 553 F.2d at 1368, this court remanded the case for Judge Hart to rule on the attorneys' fees. The court mentioned four criteria for the district court to consider in deciding whether to make an award: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Id.* at 188, 553 F.2d at 1364 (footnote omitted). *See* Senate Report 19, *reprinted in* Legislative History 171.[4] In addition, this

---

**4.** The Senate Report listed these four criteria and then stated:

Under the first criterion a court would ordinarily award fees, for example, where a newsman was seeking information to be used in a publication or a public interest group was seeking information to further a project benefitting the general public, but it would not award fees if a business was using the FOIA to obtain data relating to a competitor or as a substitute for discovery in private litigation with the government.

Under the second criterion a court would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group versus [sic] but would not if it was a large corporate interest (or a representative of such an interest). For the purposes of applying this criterion, news interests should not be considered commercial interests.

Under the third criterion a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented, but would not do so if his interest was of a frivolous or purely commercial nature.

Finally, under the fourth criterion a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid

court in *Rumsfeld* specifically suggested that the district court examine the commercial interest of the appellant's law firm in the disclosure of the manual. 180 U.S.App. D.C. at 192–93, 553 F.2d at 1367–68.

■ On remand, Judge Hart found that the public benefit from disclosure was "minimal," the commercial benefit to appellant "enormous," and the government's original withholding of the manual justified by "a reasonable basis in law." He therefore denied the request for fees. *Cuneo v. Brown,* No. 1826–67 (D.D.C. Aug. 7, 1978) (Order Denying Motion for Attorneys' Fees). In making this decision, Judge Hart properly exercised the discretion permitted under section 552(a)(4)(E). As a review of the four suggested criteria reveals, he carefully weighed the circumstances of this suit against these criteria in deciding that the appellant did not deserve to be awarded fees.

■ Two of the four criteria are closely related in this case: the commercial benefit to the complainant and the nature of the complainant's interest in the record sought. When a complainant seeks disclosure of information for commercial benefit, an award of fees is generally inappropriate:

[T]here will seldom be an award of attorneys' fees when the suit is to advance the private commercial interests of the com-

embarrassment or to frustrate the requester. Whether the case involved a return to court by the same complainant seeking the same or similar documents a second time should be considered by the court under this criterion.

. . . . .

It should be noted that the criteria . . . are intended to provide guidance and direction—not airtight standards—for courts to use in determining awards of fees.

S.Rep. No. 854, 93d Cong., 2d Sess. 19 (1974), *reprinted in* House Comm. on Gov't Operations & Senate Comm. on the Judiciary, 94th Cong., 1st Sess., Legislative History of the Freedom of Information Act Amendments of 1974, pt. 1, at 171 (Joint Comm. Print 1975) [hereinafter cited as Legislative History].

These criteria were expressly stated in S. 2543, 93d Cong., 2d Sess. (1974), as passed by the Senate. House and Senate conferees, however, dropped specific mention of the criteria from the final bill. The Conference Report stated:

plainant. In these cases there is usually no need to award attorneys' fees to insure that the action will be brought. The private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA.

Senate Report 19, *reprinted in* Legislative History 171. In remanding this case for the district court to exercise its discretion respecting an award of fees, this court expressed concern over the appellant's commercial interest in disclosure of the manual:

One important factor which the trial court should take into consideration is whether the action was brought to advance the private commercial interest of the complainant. Section 552(a)(4)(E) was not intended to compensate FOIA complainants who have a private commercial interest in disclosure which is sufficient incentive to pursue their claim through the courts. The facts of this case suggest that a private incentive was present. Appellant vigorously litigated this suit for seven years with full knowledge that the FOIA did not provide for the award of attorney fees. Apparently [appellant] thought that the time his firm would have to invest in the suit was worth the gamble that the Manual would be obtained. . . . The FOIA was fundamentally designed to inform the

By eliminating these criteria, the conferees do not intend to make the award of attorney fees automatic or to preclude the courts, in exercising their discretion as to awarding such fees, to take into consideration such criteria. Instead, the conferees believe that because the existing body of law on the award of attorney fees recognizes such factors, a statement of the criteria may be too delimiting and is unnecessary.

H.R.Rep. No. 1380, 93d Cong., 2d Sess. 10 (1974), *reprinted in* Legislative History 227. Courts have, in fact, used these suggested criteria in judging requests for attorneys' fees. *See, e. g., Blue v. Bureau of Prisons,* 570 F.2d 529 (5th Cir. 1978); *Kaye v. Burns,* 411 F.Supp. 897, 903–05 (S.D.N.Y.1976). *See also Nationwide Bldg. Maintenance, Inc. v. Sampson,* 182 U.S.App.D.C. 83, 559 F.2d 704 (D.C.Cir.1977); *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509, 513 (2d Cir. 1976).

public and not to benefit private litigants. If the potential for private commercial benefit was sufficient incentive to encourage [the appellant] to pursue his FOIA claim, the policy objectives of section 552(a)(4)(E) would be met and it would *not* be improper for the trial court to deny his request for attorney fees.

*Cuneo v. Rumsfeld,* 180 U.S.App.D.C. at 191–192, 553 F.2d at 1367–68 (emphasis in original) (footnotes and citations omitted). Fenster has admitted his firm's commercial interest in the information that he sought to have disclosed:

[Appellant's] clients and [appellant] annually participate in extensive negotiation and litigation with Defendants' agents, who specifically represent the DCAA. In these dealings, which involve tens of millions of dollars, Defendants' agents rely on provisions of the Defense Contract Audit Manual . . . . [Appellant] is seriously impaired in his counseling, negotiation, and litigation services by the unavailability of the manual, and is further unable to insure the fair treatment of his clients in such proceedings.

Affidavit of Herbert L. Fenster, *Cuneo v. Laird,* No. 1826–67, at 7 (D.D.C., subscribed July 26, 1971). It is evident that Cuneo and Fenster originally brought this suit to obtain information that would help their firm counsel clients. Moreover, the firm knew that if it succeeded in obtaining the disclosure of the audit manual, that fact might well induce contractors with problems involving the DCAA to bring their business to the firm, although the manual would become equally available to other counsel. On these facts, "the private self-interest motive of, and . . . pecuniary benefit to, the complainant [is] sufficient to insure the vindication of the rights given in the FOIA." Senate Report 19, *reprinted in* Legislative History 171.

Judge Hart also found the government had a "reasonable basis in law" for its opposition to disclosure. Although Fenster contends to the contrary, this court has already resolved this question in *Rumsfeld* :

To satisfy the "reasonable basis in law" requirement it is not necessary for the court to find that the information the government chose to withhold was in fact exempt. What is required is a showing that the government had a reasonable basis in law for concluding that the information in issue was exempt and that it had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.

*In this case the government has satisfied the reasonable basis requirement.* At one stage in this litigation the district court had found that parts of the Manual were exempt. This confirms that the government had at least a reasonable basis for concluding the withholding to be proper.

*Id.* at 189–190, 553 F.2d at 1365–66 (emphasis added) (footnotes and citations omitted). In light of the fact that at the time the Government withheld disclosure the state of the law with respect to the disclosure of documents like the manual was a matter of genuine uncertainty, reflected in the reversal of the district court by this court in *Rumsfeld,* it is clear to us that a "reasonable basis" for the Government's position existed at the time.

The final relevant criterion involves the public benefit from disclosure of government materials. Judge Hart relied expressly on the small volume of public sales of the manual after its release in finding little public benefit from disclosure. The release of any government document benefits the public by increasing citizens' knowledge of their government. Congress did not have this sort of broadly defined benefit in mind, however, in enacting section 552(a)(4)(E). The legislative history indicates that the "public benefit" criterion "speaks for an award [of attorneys' fees] where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Blue v. Bureau of Prisons,* 570 F.2d 529 (5th Cir. 1978). In this case, knowledge of the contents of the manual primarily helps government contractors with audits of their performance by the government. Thus, the manual

basically furthers a private commercial, and not the general public, interest. This finding of little public benefit from disclosure of the manual is supported by the record.

### III.

Having weighed all the criteria, *see Nationwide Building Maintenance, Inc. v. Sampson,* 182 U.S.App.D.C. 83, 559 F.2d 704 (D.C.Cir.1977), Judge Hart properly exercised his discretion under section 552(a)(4)(E) in refusing appellant's request for attorneys' fees. Appellant succeeded in his original goal of obtaining release of the manual. That is compensation enough. The judgment is

*Affirmed.*