LaSALLE **EXTENSION UNIVERSITY &**
**Katharine Gibbs School (Inc.),**
**Appellants,**

v.

**FEDERAL TRADE COMMISSION et al.**

**No. 79–1270.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 2, 1980.

Decided June 5, 1980.

482

Frederick F. Greenman, Jr., New York City, of the Bar of the Supreme Court of New York, pro hac vice, by special leave of court, with whom Joseph M. Berl, Washington, D. C., was on brief, for appellants. Jeffrey L. Squires, Washington, D. C., also entered an appearance for appellants.

Al J. Daniel, Jr., Atty., U. S. Dept. of Justice, Washington, D. C., with whom Alice Daniel, Acting Asst. Atty. Gen., and Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the brief was filed, were on the brief, for appellees. Leonard Schaitman, Atty., U. S. Dept. of Justice, Washington, D. C., also entered an appearance for appellees.

Before TAMM and MIKVA, Circuit Judges, and JOYCE HENS GREEN,* United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

Plaintiffs LaSalle Extension University and Katharine Gibbs School (LaSalle) appeal the district court's denial of attorneys' fees under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E) (1976). The district court determined that LaSalle's confessed commercial self-interest in obtaining

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

the requested material had provided an adequate incentive to bring the FOIA suit. It therefore denied LaSalle their attorneys' fees as unnecessary to promote release of information that ought to be available to the public.

On appeal, plaintiffs contend the district court erred in failing to rule on the allegation of government obduracy in refusing disclosure. We agree that the district court did not discuss this matter in its memorandum and order, but we conclude as a matter of law that the Government had a reasonable legal basis for its FOIA exemption claims. Accordingly, we affirm.

## I

In 1974 the Federal Trade Commission (Commission) proposed a trade rule regulating home-study education enterprises. *See* 39 Fed.Reg. 29,385 (1974), *republished in* 40 Fed.Reg. 21,048 (1975) (to be codified at 16 C.F.R. pt. 438).[1] To assist with their participation in the rulemaking that ensued, plaintiffs filed a FOIA request to gain access to the sources solicited during the Commission staff's investigation. The Commission refused to cooperate because it believed the documents to be exempt under 5 U.S.C. § 552(b)(6), (7)(C) (1976), as an "unwarranted invasion of personal privacy," and under 5 U.S.C. § 552(b)(7)(A) (1976), as an "interfere[nce] with enforcement proceedings."

LaSalle filed suit to compel disclosure in the United States District Court for the District of Columbia.[2] The Commission resisted disclosure for four months, but shortly before the oral argument on cross-motions for summary judgment, the United States Attorney's Office notified the court that the Government would no longer de-fend against LaSalle's suit. On May 20, 1977, the district court ordered the Commission to reveal the information LaSalle had requested.

In December of 1978, plaintiffs moved to recover their attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E) (1976).[3] The district court stated the four factors this court has adopted as the minimum that a district court should consider in deciding whether to grant a FOIA attorneys' fees claim: " '(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law.' " *Fenster v. Brown*, 617 F.2d 740, 742 (D.C.Cir.1979) (quoting *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364 (D.C.Cir.1977)). *Accord, Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 712 (D.C.Cir.1977). Finding that plaintiffs' commercial self-interest was the "overwhelming motivation" for the FOIA suit, the district court concluded that "service of the public interest was incidental to the commercial objectives of their effort." *LaSalle Extension University v. FTC*, No. CA 77–0002, slip op. at 2 (D.D.C. Jan. 26, 1979) (memorandum and order), *reprinted in* Joint Appendix (J.A.) at 181, 182. Furthermore, the possibility of recovering attorneys' fees had not been a factor in bringing the suit. The district court found these considerations "fatal" to LaSalle's claim and denied the fees request. Plaintiffs appeal that ruling as an abuse of discretion.

## II

Plaintiffs believe the district court erroneously ruled that a commercial self-inter-

---

1. The Federal Trade Commission issued the trade regulation rule on December 18, 1978. *See* Proprietary Vocational and Home Study Schools, 43 Fed.Reg. 60,796 (1978) (codified at 16 C.F.R. pt. 438 (1980)). The United States Court of Appeals for the Second Circuit subsequently set the rule aside as unlawful. *See Katharine Gibbs School (Inc.) v. FTC*, 612 F.2d 658 (2d Cir. 1979).

2. Before the district court, the Commission repeated its prior contentions and added that the information was also exempt under 5 U.S.C. § 552(b)(7)(D) (1976) because it entailed "disclos[ure of] the identity of a confidential source."

3. Section 552(a)(4)(E) empowers the court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (1976).

est in the information's release was sufficient by itself to defeat an attorneys' fee request. They further contend that the court did not take into account LaSalle's allegation that the Government unreasonably resisted the FOIA inquiry. The Government believes the argument before the district court at the summary judgment hearing and the court's listing of all four criteria in its memorandum and order demonstrate that the court denied LaSalle's claim after weighing all the relevant factors.

Congress clearly intended the award of fees to serve two separate and distinct FOIA objectives. One goal, as the district court recognized, is to encourage Freedom of Information Act suits that benefit the public interest. This objective is not furthered here; parties such as LaSalle who have a sufficient private interest in the requested information do not need the additional incentive of recovering their fees and costs to induce them to pursue their request in the courts. *See Fenster v. Brown*, 617 F.2d at 743; *Cuneo v. Rumsfeld*, 553 F.2d at 1367–68. Congress also provided attorneys' fees, however, as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements. The Senate committee report accompanying the FOIA fee provision suggested that "a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester." S.Rep.No.854, 93d Cong., 2d Sess. 19 (1974), *reprinted in* House Comm. on Gov't Operations & Senate Comm. on the Judici-

ary, 94th Cong., 1st Sess., Legislative History of the Freedom of Information Act Amendments of 1974, pt. 1, at 171 (Joint Comm. Print 1975). According to the Senate report, attorneys' fees typically would not be awarded to requesters who had a private self-interest for, and received a pecuniary benefit from, their FOIA request, "*unless* the government officials have been recalcitrant in their opposition to a valid claim or have been otherwise engaged in obdurate behavior." *Id.* (emphasis added). *See Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 712–13 (D.C.Cir. 1977); *Kaye v. Burns*, 411 F.Supp. 897, 903–05 (S.D.N.Y.1976). *See also Fenster v. Brown*, 617 F.2d at 742–744.[4]

### III

■ Given these twin congressional goals, courts must consider all relevant factors in deciding whether to award attorneys' fees and "must be careful not to give any particular factor dispositive weight." *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d at 714. We accord the district court considerable discretion in making its decision, but the district court abuses that discretion when it fails to weigh at least the four basic factors.[5] We recently remanded a case to the district court in part because the absence of the district court's views on the factors' applicability made it impossible to say that the claim for attorneys' fees "lack[ed] a possible basis in law." *Cox v. United States Department of Justice*, 601 F.2d 1, 7 (D.C.Cir.1979). In *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978), the district court had discussed only the first of the four factors, whether

---

4. Courts have recognized that Congress had dual aims in mind when it provided for the recovery of attorneys' fees by substantially successful FOIA litigants. In *Shermco Indus., Inc. v. Secretary of the United States Air Force*, 452 F.Supp. 306 (N.D.Tex.1978), the court ordered the Government to reimburse Shermco for its attorneys' fees, despite Shermco's commercial self-interest in the request and the limited public benefit from the information's disclosure, because the court found that the Air Force had asserted unreasonable exemption claims to justify withholding the requested information.

5. Application of these factors should not be mechanistic. They are "intended to provide guidance and direction[, not] airtight standards." S.Rep.No. 854, 93d Cong., 2d Sess. 19 (1974), *reprinted in* House Comm. on Gov't Operations & Senate Comm. on the Judiciary, 94th Cong., 1st Sess., Legislative History of the Freedom of Information Act Amendments of 1974, pt. 1, at 171 (Joint Comm. Print 1975).

the public had benefited from the FOIA suit. With a single sentence it had dismissed the remaining criteria as immaterial to the case. Reversing the decision to deny attorneys' fee recovery, the Fifth Circuit declared that "it was an abuse of discretion to neglect the remaining three criteria entirely in determining to award no attorneys' fees to the petitioner. It may be that these [other three] criteria do not weigh so heavily as the 'public benefit' criterion in the instant case; but they should at least be considered in the balance." *Id.* at 534. *Cf. Fenster v. Brown,* 617 F.2d 740 (D.C.Cir. 1979) (district court affirmed because substantial evidence supported its balance of *all* of the criteria).

### IV

In making its findings on these factors, a district court must be "sufficiently comprehensive and pertinent to the issues to provide a basis for decision." *Schilling v. Schwitzer-Cummins Co.,* 142 F.2d 82, 84 (D.C.Cir.1944). *See Kelley v. Everglades Drainage District,* 319 U.S. 415, 420–22, 63 S.Ct. 1141, 1144–1145, 87 L.Ed. 1485 (1943) (per curiam). If the policies underlying the findings requirement are to be satisfied, *see generally Harborlite Corp. v. ICC,* 613 F.2d 1088, 1092–93 (D.C.Cir.1979); *United States v. Forness,* 125 F.2d 928, 942–43 (2d Cir.), *cert. denied,* 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942), then the district court itself must document its reasoning. Neither the parties nor the reviewing court should be left to surmise how the district court reached its final conclusion. "[I]t is not the function of [the reviewing court] to search the record and analyze the evidence in order to supply findings which the trial court failed to make." *Kelley v. Everglades Drainage District,* 319 U.S. at 421–22, 63 S.Ct. at 1145.

Notwithstanding the importance of having the district court express its conclusions with care and in adequate detail, however, we will not remand a case for more specific findings if doing so will consume precious time and judicial resources without serving any purpose. When the record as a whole reveals no substantive issue concerning a material fact, we will not elevate form over function by requiring further district court proceedings to supplement the findings. *Burman v. Lenkin Construction Co.,* 149 F.2d 827, 828 (D.C.Cir. 1945) (per curiam); *Shellman v. Shellman,* 95 F.2d 108, 109 (D.C.Cir.1938). *Accord, Withrow v. Larkin,* 421 U.S. 35, 45, 95 S.Ct. 1456, 1463, 43 L.Ed.2d 712 (1975). As we stated in *Hurwitz v. Hurwitz,* 136 F.2d 796 (D.C.Cir.1943), the district court's obligation to prepare adequate findings of fact is imposed primarily to assist appellate review and is "not a jurisdictional requirement of appeal." *Id.* at 799. Consequently, "[i]n cases where the record is so clear that the court [of appeals] does not need the aid of findings it may waive such a defect on the ground that the error is not substantial in the particular case." *Id. See Jackson v. Marine Exploration Co.,* 614 F.2d 65, 66–67 (5th Cir. 1980); *Gunther v. County of Washington,* 602 F.2d 882, 893 n.13 (9th Cir. 1979).[6]

A remand would be unwarranted in this particular case, even though the district court neglected to draw any explicit conclusion regarding the reasonableness of the Commission's disclosure resistance. The district court plainly recognized agency reasonableness as a factor it had to consider in determining whether to allow recovery of attorneys' fees. *See LaSalle Extension University v. FTC,* No. CA 77–0002, slip op. at 2 (D.D.C. Jan. 26, 1979) (memorandum and order), *reprinted in* J.A. at 181, 182. In

---

**6.** *Accord, e. g., Canadian Transp. Co. v. Irving Trust Co.,* 548 F.2d 53, 55–56 (2d Cir. 1977) (per curiam); *Finney v. Arkansas Bd. of Corrections,* 505 F.2d 194, 212–13 (8th Cir. 1974); *Silva v. Romney,* 473 F.2d 287, 289 (1st Cir. 1973); *Featherstone v. Barash,* 345 F.2d 246, 249–50 (10th Cir. 1965); *Huard-Steinheiser, Inc. v. Henry,* 280 F.2d 79, 84 (6th Cir. 1960).

*See Life Savers Corp. v. Curtiss Candy Co.,* 182 F.2d 4, 6–7 (7th Cir. 1950); *Knapp v. Imperial Oil & Gas Products Co.,* 130 F.2d 1, 3–4 (4th Cir. 1942). *See generally* Yankwich, *Findings in the Light of the Recent Amendments to the Federal Rules of Civil Procedure,* 8 F.R.D. 271, 293–95 (1948).

**486**

denying fees, the district court implicitly found the alleged obduracy of the Government insufficient to outweigh the other factors.

■ More important, however, the district court could not have found for LaSalle on this factor, and thus the absence of an express finding is regrettable but not fatal. To rebut a claim of Government unreasonableness or obduracy, the Government need not prove that the information " 'was *in fact* exempt,' " only that the Government " 'had a *reasonable basis in law* for concluding that the information in issue was exempt and that it had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.' " *Fenster v. Brown*, 617 F.2d at 744 (D.C.Cir.1979) (emphasis added) (quoting *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365–66 (D.C.Cir.1977)). We think it clear that the Commission had at least a colorable basis for its conclusion that revelation of the information LaSalle requested would inflict an unwarranted invasion of privacy, thereby justifying defenses under 5 U.S.C. § 552(b)(6), (7)(C) (1976). *See Wine Hobby, USA, Inc. v. United States Internal Revenue Service*, 502 F.2d 133 (3d Cir. 1974). Furthermore, we see no reason to conclude that the Commission's behavior was truly recalcitrant or obdurate.

### V

Plaintiffs have had their day in court. Though the district court has considerable discretion in deciding whether to award attorneys' fees, no contrary result in this case would have been warranted. Consequently, we need not ask the district court to deliberate further. *See Cuneo v. Rumsfeld*, 553 F.2d 1360, 1368 (D.C.Cir.1977). The judgment of the district court is

*Affirmed.*