United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10951

SHEFFIELD C. BELL, CORINE
JOHNSON, SELERY JOHNSON, JR.,
SAM A. STEPHENS,

Plaintiffs - Appellees,

v.

CITY OF DALLAS, TEXAS,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:95-CV-306

Before REAVLEY, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The City of Dallas appeals the district court's order certifying a class action under Rule

23(b)(2) of the Federal Rules of Civil Procedure. The case concerns adverse orders of the City's

Urban Rehabilitation Standards Board against members of the class. The City argues that the

district court abused its discretion in certifying a class because the class members have no standing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

to seek relief, the class claims are moot, there is no evidence of a constitutional violation, the class is too broad and vaguely defined, the class representative is improper, and the relief sought is inappropriate for a Rule 23(b)(2) class.

We review a district court's decision to certify a class for abuse of discretion. *Washington v. CSC Credit Svcs., Inc.*, 199 F.3d 263, 265 (5th Cir. 2000). If we are unable to determine the basis for a district court's ruling, we cannot review it and must remand for a more specific determination. *Cf., e.g., Curtis v. Commissioner*, 623 F.2d 1047, 1053 (5th Cir. 1980) (remanding under Fed. R. Civ. P. 52(a) because trial court did not explain how it calculated tax deficiencies); *Ithaca Corp. v. A. Fogg*, 582 F.2d 3 (5th Cir. 1978) (applying Fed. R. Civ. P. 52(a) and holding that "[w]hen, because of absence of findings of fact or conclusions of law, an appellate court cannot determine whether the record supports the trial court decision, it should remand the action for entry of findings of fact and conclusions of law"). The original hearing where nearly all the evidence on certification was presented was held in 1997. In July of 2002, a supplemental hearing on class certification occurred, at which very little additional evidence was presented. Two days later, the district court entered its order certifying a class, but it provided no factual findings or legal analysis. It is therefore inadequate for review.

VACATED and REMANDED.