Vern MCKINLEY, Plaintiff,

v.

FEDERAL HOUSING FINANCY AGENCY, Defendant.

Civil Action No. 10-CV-01165 (BJR)

United States District Court,
District of Columbia.

Signed June 27, 2012

Michael Bekesha, Paul J. Orfanedes, Judicial Watch, Inc., Washington, DC, for Plaintiff.

Bradley Heath Cohen, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS

BARBARA J. ROTHSTEIN, UNITED STATES DISTRICT JUDGE

· This matter is before the court on *Plaintiff's Motion for Attorneys' Fees and*

*Other Litigation Costs* [Docket No. 24; Filed February 21, 2012] (the "Motion"). Defendant filed an Opposition to the Motion on March 9, 2012 [Docket No. 25], and Plaintiff filed a Reply on March 19, 2012 [Docket No. 26]. Although the Motion was not bifurcated to address whether, in the first instance, an award of fees and costs is legally appropriate, the court addresses this threshold issue and determines that no further review is necessary. As it pertains to whether any award should be entered, having considered the parties' arguments, pleadings, and relevant case law, the court is fully advised. For the reasons set forth below, ·

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

## I. SUMMARY OF CASE

This matter involves Plaintiff's request submitted to the Federal Housing Finance Agency ("FHFA") to produce certain documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq. See Order* [#21] at 1. The subject matter and history of this litigation are detailed in several prior orders adjudicating the parties' cross motions for summary judgment and will not be repeated herein. *See, e.g., id.; Order* [#17]; *Order* [#15].[1] Briefly, Plaintiff filed the lawsuit "to obtain information concerning the decision of Defendant [FHFA] to place the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") into conservatorship." *Motion* [#24] at 1.

Pursuant to this litigation, FHFA identified three documents responsive to

1. The matter was assigned to this court on December 15, 2011 [Docket No. 19] after the retirement of the Honorable Henry H. Kennedy, Jr. Opinions authored by Judge Kennedy are considered the law of the case and are cited herein as if authored by this court.

Plaintiff's FOIA request but declined to produce them on the basis of the work product and deliberative process privileges. After three rounds of review of the parties' cross motions, the outcome was the production of carefully, but heavily redacted portions of two of the three documents.[2] Although Plaintiff attempted to obtain additional review and information in relation to the two documents, the court determined that FHFA's segregation and limited production satisfied the mandate of FOIA. As such, the court granted FHFA's motion for summary judgment and denied Plaintiff's motion for summary judgment. *See Order* [#21] at 4-5.

## II. SUMMARY OF ARGUMENTS

Following entry of judgment for FHFA, Plaintiff filed the present Motion seeking an award of fees and costs. The thrust of his argument is that while the lawsuit did not result in a judgment in his favor, he substantially prevailed given the post-litigation production of previously undisclosed information. *Motion* [#24] at 4-5. Moreover, Plaintiff contends that the public benefit of disclosure and his own lack of commercial benefit counsel in favor of an award of fees and costs. *See id.* at 5-11.

FHFA counters that Plaintiff is neither eligible nor entitled to receive an award of fees and costs. Specifically, FHFA argues that the limited success obtained cannot be viewed as substantial. *Opposition* [#25] at 6. Even if that were not the case, FHFA argues that because no meaningful public benefit was derived from the ultimate production, coupled with the presence of a reasonable basis for withholding what little information was ultimately disclosed, the Motion must be denied. *Id.* at 6-11.

## III. STANDARD OF REVIEW FOR REQUEST FOR ATTORNEYS' FEES

◼ In FOIA cases, a party obtaining success as a result of litigation may be entitled to reasonable attorneys' fees and costs. Because the purpose of FOIA is to encourage the public to seek information from the government for which it is entitled, *see, e.g., LaSalle Extension Univ. v. FTC*, 627 F.2d 481, 484 (D.C.Cir.1980), the applicable fee-shifting provision provides that a court may award costs of litigation to a plaintiff who "has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). However, a plaintiff's substantial success, otherwise referred to as his eligibility for relief, is only the threshold inquiry.

◼ After satisfaction of the eligibility prong, a plaintiff must show that he is likewise entitled to relief. *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C.Cir.2011). To satisfy the entitlement prong, courts in this Circuit weigh four, non-exclusive factors: (1) the public benefit; (2) the commercial benefit to plaintiff; (3) the nature of the plaintiff's interest; and (4) the government's basis for initially withholding disclosure. *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C.Cir.1995) (citation omitted). Simply, regardless of a plaintiff's eligibility, the court retains discretion to reject an award where the balance of factors do not favor the plaintiff. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 711–13 (D.C.Cir.1977).

## IV. ANALYSIS

### A. Eligibility—Substantial Success

◼ Although the value of this FOIA dispute can be reasonably questioned, that

---

**2.** Specifically, the court determined that the work product privilege did not apply and directed FHFA to produce any material that could be segregated from information protected by the deliberative process privilege. *Order* [#17] at 3.

is not necessarily determinative of whether Plaintiff obtained substantial success. Rather, the relevant consideration for the eligibility prong is whether Plaintiff obtained relief through a court order or a voluntary change in the position of FHFA as a result of this litigation. 5 U.S.C. § 552(a)(4)(E)(ii). While FHFA did turn over additional pages (or sections of documents) pursuant to a court order, the court has serious doubts as to whether this amounts to "substantially" prevailing. In any event, even if Plaintiff were eligible to receive an award of attorneys' fees and costs, as will be set forth below, he is not entitled to reimbursement.

### B. Entitlement—Balancing of Factors

■ The factors relevant to this inquiry require the court to balance the public benefit derived from disclosure, the motive of and benefit to Plaintiff, and the reasonableness of the basis provided by FHFA in initially refusing to disclose any information. *Cotton*, 63 F.3d at 1117. Specifically, the first factor concerns the public benefit and favors an award where that benefit "likely ... add[s] to the fund of information that citizens may use in making vital political choices." *Id.* at 1120 (citation omitted). In relation to this factor, although Plaintiff contends that the public benefitted from learning how, in small part, FHFA vetted its decision to place Fannie Mae and Freddie Mac into a conservatorship, as opposed to a receivership, Plaintiff has failed to explain how the minimal information derived assists the decision making of the public in any meaningful way. The court is not persuaded that the scant material made publicly available pursuant to this multi-year FOIA litigation yielded any discernible public benefit. Although this factor strongly counsels against awarding fees and costs, the court briefly considers the remaining factors.

■ The second and third factors concern Plaintiff's motive and personal benefit related to the disclosed information. Given that both factors attempt to assess whether Plaintiff "has sufficient private incentive to seek disclosure" without the necessity to be compensated for it, the factors are often viewed in tandem. *Davy v. CIA*, 550 F.3d 1155, 1160 (D.C.Cir.2008) (citation omitted). Here, Plaintiff contends that he had no commercial incentive to obtain disclosure and his interest was purely academic.[3] *Motion* [#24] at 8-10; *Reply* [#26] at 6-7. FHFA counters that because the information was arguably relevant to Plaintiff's work as a regulatory policy expert, he had a commercial motive to obtain disclosure and likewise benefitted from being the individual to do so. *Opposition* [#25] at 9-10. Crediting both arguments, the court finds that these factors, on their own, neither strongly support an award of fees and costs nor counsel against it. However, the court notes that when viewed in relation to the lack of a quantifiable public benefit, the factors do little to advance Plaintiff's position.

Finally, the fourth factor prompts the court to consider the reasonableness of FHFA's explanation for initially withholding the information. Although the court ultimately found that the work product privilege was too attenuated to justify blanket protection of the documents, the court also countenanced the argument that

---

**3.** As set forth in the Motion, Plaintiff "is a former employee of the Board of Governors of the Federal Reserve, [FDIC], the Resolution Trust Corporation, and the Office of Thrift Supervision. Since 1999, he has served as a consultant, legal advisor and regulatory policy expert on financial sector issues .... In addition, [Plaintiff] is a Research Fellow at the Independent Institute and author of" several works related to government finance issues. *Motion* [#24] at 9 (citations omitted).

the documents were protected, either in whole or in part, by the deliberative process privilege. *Order* [#15] at 4-6; *Order* [#17] at 2-3. Moreover, the court noted that the assertion of the work product privilege was not wholly untenable given the documents' mention of the possibility for future litigation. *See Order* [#17] at 2-3. While this justification was not ultimately found to be the determinative force behind the creation of the documents, it was not unreasonable to assert the privilege as a basis for withholding the information. Accordingly, this factor strongly favors against awarding fees and costs.

Given the court's careful balance of the relevant factors, the court finds that regardless of Plaintiff's doubtful eligibility, Plaintiff is not entitled to receive an award of fees and costs. Accordingly, the Motion is **DENIED.**

**SO ORDERED.**

