**VETERANS EDUCATION PROJECT,
Plaintiff,**

v.

**SECRETARY OF the AIR FORCE et al., Defendants.**

**Civ. A. No. 79–0210.**

United States District Court,
District of Columbia.

Feb. 25, 1981.

---

Barton F. Stichman, National Veterans Law Center, Washington, D. C., for plaintiff.

Kenneth M. Raisler, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court is Plaintiff's Motion for Attorney's Fees in the above captioned Freedom of Information Act (FOIA) litigation. 5 U.S.C. § 552. Plaintiff is a nonprofit public interest organization created for the purpose of assisting veterans with less than honorable discharges. Plaintiff filed this lawsuit to obtain the names and addresses of former service members who received less than honorable discharges and who were eligible to apply to Defendants for an upgrade in status pursuant to new discharge review standards and procedures. *See* Pub.L. No. 95–126, 91 Stat. 1106 (1977); 43 Fed.Reg. 13564–73 (1978). Plaintiff sought the names and addresses so it could notify the veterans about their statutory rights. Defendants refused to disclose the names and addresses, claiming that (a) their release would constitute a clearly unwarranted invasion of privacy, 5 U.S.C. § 552(b)(6), and (b) that the requested records were not reasonably described within the meaning of 5 U.S.C. § 552(a)(3).

Cross motions for summary judgment were filed, and on November 26, 1979 the Court heard arguments on the motions. At argument, the Court informed the parties that while it believed that Plaintiff had a strong case on the merits, settlement of the issues would be beneficial to both sides. The Court indicated that should Plaintiff prevail, it would still face the enormous cost of mailing notifications to those less than honorably discharged, and that in all likelihood many of those individuals had moved and thus could not be informed by mail. The Court recognized that it would cost Defendants a significant amount of money to search for the names and addresses of the former servicemen, and suggested that dissemination of the desired information over the mass media would be more efficacious and less costly to both sides. The Court also permitted the filing of additional papers on the merits of Plaintiff's case.

Shortly after the hearing, Defendants moved for an extension of time to file their reply brief. The motion was granted. Subsequent to this motion, eighteen additional motions of extension of time were filed and granted. The extensions were granted to permit the parties to reach a settlement of the action.

On October 17, 1980 the parties effectuated a settlement agreement. This agreement provided, *inter alia*, that Plaintiff would withdraw its requests for the names and addresses of those less than honorably discharged, and that Defendants would (a) expend, approximately $200,000.00 to disseminate information to those servicemen,

and (b) maintain a post office box to receive and process requests for more information from interested servicemen. The settlement agreement also stated the specific information to be disseminated and the specific mass media stations to be employed.

Three issues are presently before the Court, *viz.* (1) has Plaintiff substantially prevailed, 5 U.S.C. § 552(a)(4)(E), (2) assuming that it has, should the Court, in its discretion, award attorney's fees, *LaSalle Extension University v. FTC*, 627 F.2d 481 (D.C.Cir.1980), and assuming that an award of fees is warranted, is the amount claimed consistent with *Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980).

It is clear to the Court that Plaintiff has substantially prevailed. Plaintiff sought the information from Defendants with one objective: to notify those less than honorably discharged of their statutory rights. This objective was completely satisfied by the settlement agreement. Thus, the fact that the information was ultimately not disclosed in no way impacts on Plaintiff's case. Moreover, it appears to the Court that Defendants' withholding of the names and addresses violated FOIA. While the Court need not and does not resolve this issue here, it should be noted that in all likelihood disclosure would have been compelled but for the settlement agreement.

Four factors must be considered to determine whether an award of fees is appropriate in the instant case, to wit: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *LaSalle Extension University v. FTC*, at 483–484. The public interest was manifestly served by the instant litigation. Congress has determined that those servicemen less than honorably discharged should be provided a fair opportunity to have their discharges upgraded. 10 U.S.C. § 1553. To receive the benefits of this discharge review program, a veteran must formally apply to the discharge review boards. Due to lack of information, less than .1% of those eligible veterans applied for review prior to this litigation. Through its initiation and prosecution of its FOIA action, Plaintiff has insured that Defendants will actively inform the veteran community of its rights under the law. Plaintiff's only purpose in obtaining the records was to inform veterans of their statutory rights. Thus, the Court concludes that this suit served the public interest.

Defendants do not deny that Plaintiff has met its burden under the first three criteria. Rather, they merely contend that they had a reasonable basis for withholding the documents. This criterion is not dispositive, however. *See LaSalle Extension University v. FTC*, at 484; *Nixon v. Sampson* No. 74–1518, slip op. at 10 (D.D.C. June 12, 1980). While Defendants may have had a reasonable basis for withholding the documents, the criterion is outweighed by the other three criteria. An award of attorney's fees is appropriate in the instant litigation.

It is clear that the amount of the fee award is guided by the Court of Appeals ruling in *Copeland v. Marshall*, at 891, 892. Defendants are entitled to take limited discovery on the amount of hours expended by Plaintiff's counsel in prosecuting and settling this litigation. Defendants are also entitled to present evidence to the Court concerning the "lodestar" to be applied herein.

The Court recognizes the sensitive nature of the underlying issue presented in the instant case. The Court is also aware of the exemplary work performed by counsel on both sides to effectuate settlement. The Court believes that the parties have the capacity to resolve this remaining issue without further judicial intervention.[1]

1. Settlement of the amount in controversy need not preclude an appeal of this Order. Rather, the parties may, should they desire, establish a sum certain and then resolve the issue of entitlement on appeal.