**VETERANS EDUCATION PROJECT,**
**Plaintiff,**

v.

**SECRETARY OF the AIR FORCE,**
**et al., Defendants.**

Civ. A. 79–210.

United States District Court,
District of Columbia.

May 15, 1981.

See also D.C., 509 F.Supp. 860.

———

Barton F. Stichman, National Veterans Law Center, Washington, D. C., for plaintiff.

Kenneth M. Raisler, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court is Plaintiff's Motion for Attorney's Fees in the above captioned Freedom of Information Act (FOIA) litigation. 5 U.S.C. § 552. On February 25, 1981 this Court issued a Memorandum and Order, 509 F.Supp. 860, that (1) briefly reviewed this litigation, (2) indicated that Plaintiff was eligible for and entitled to an award of attorney's fees, and (3) provided for discovery and settlement talks. The settlement talks did not bear fruit, and the parties indicated on April 17 that they could not agree on any of the issues necessary to resolution of the instant case. At a hearing held on May 13, 1981, both parties indicated that no evidentiary hearing was necessary, and the case was submitted. It is undisputed that this litigation is governed by the Court of Appeals' Opinion in *Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980). The following constitutes this Court's analysis of the instant litigation pursuant to *Copeland*.

## I. Assessment of Reasonable Hours

As the Court in *Copeland* stated, "the first task for the trial judge is determining the amount of time reasonably expended." *Id.*, at 891. In assessing the reasonableness of the hours spent, the Court must (1) segregate into categories the types of work performed by each attorney, (2) ascertain to what extent the time spent was productive, and (3) eliminate unproductive time. *Id.*, at 891.

Defendants contend that certain hours spent are both excessive and duplicative.[1] Specifically, Defendants would have the Court hold that (1) only one attorney was necessary at Court proceedings and in settlement negotiations, (2) the time spent drafting Plaintiff's cross-motion for summary judgment was excessive, and (3) time

---

1. Defendants question whether sufficient documentation of hours exists in the instant litigation. The Court is very familiar with Plaintiff's attorneys, and has no question as to their integrity. Their affidavits provide sufficient documentation of hours spent in this litigation, especially in light of the dearth of evidence to the contrary.

spent (a) in intra-office conferences, (b) traveling to court and to settlement conferences, and (c) waiting in court should be deleted. The Court in *Copeland* indicated that this Court must be guided by the prevailing practice in the private sector. *Id.*, at 891. Where "billing judgment" would move counsel to refrain from billing certain hours to their client, those hours are not "properly billed to one's adversary." *Id.*, at 891.

This Court has a thorough understanding of the complexity of the instant litigation and the arduous negotiations process. It also is cognizant of the help provided by additional attorneys at hearings and an additional attorney and paralegal at settlement conferences. While the litigation was somewhat complex, only two attorneys were necessary at the hearings, given the experience and competence of Messrs. Stichman and Addlestone. Thus, the Court will delete time spent by Mr. Simon preparing for and attending hearings. The Court is aware of the need for two or three advocates in the negotiations process. No deletions will be made by attendance of two or three people at the negotiations.

Defendants next assert that 72 hours spent drafting a 40 page cross-motion for summary judgment was excessive. The Court is familiar with that cross-motion and the hours necessary for its submission. Seventy-two hours does not appear excessive.

Finally, Defendants assert that certain time spent in intra-office conferences, traveling, and waiting should be deleted. The Court notes that the participants in the conferences were all attorneys familiar with and working on this litigation. Such conferences enhance the possibility of competent and efficient litigation, and hours spent in conferences are not reduced under the rubric of "billing judgment" unless the result is unproductive. Defendants do not assert that the conferences were unproductive in the instant litigation, however. It merely contends that intra-office conferences are *per se* subject to "billing judgment." Likewise, Defendants allege that time spent traveling and waiting is *per se* subject to reduction. The Court is familiar with the billing practices in the private sector, and notes that many private firms bill their clients for traveling and waiting. Of course, when time spent traveling and waiting is excessive, it is subject to reduction. In the instant litigation, however, such time is *de minimis*. The Court rejects Defendants' allegation regarding intra-office conferences, traveling, and waiting time.

A breakdown of Plaintiff's counsel's time, as required by *Copeland, id.*, at 891–892, is set forth below:

| Attorney & Type of Work | Compensable Hours |
|---|---|
| Mr. Stichman: | |
| Research and Drafting of Filings | 71.25 |
| Appearances | 2.50 |
| Settlement Negotiations and Related Work | 50.75 |
| | 124.50 |
| Mr. Addlestone: | |
| Discussion and Review of Filings | 10.35 |
| Appearances | 2.50 |
| Settlement Negotiations and Related Work | 24.50 |
| | 37.35 |
| Mr. Simon: | |
| Review and Drafting of Cross-Motion for Summary Judgment | 28.00 |
| Review of Settlement Proposals | 2.00 |
| | 30.00 |
| Mr. Snyder:[2] | |
| Intra-office conferences | 3.00 |
| Settlement Negotiations | 9.50 |
| | 12.50 |

---

**2.** Mr. Synder is a paralegal. Thus, compensation for him must be awarded under the rubric of costs. *See North Slope Borough v. Andrus*, 515 F.Supp. 961 at 966, n. 29 (D.D.C.1981).

| Attorney & Type of Work | Compensable Hours |
|---|---|
| Ms. Klein, Ms. Elkins, and Mr. Golinker: [3] | |
| Preparation of Pleadings | 43.00 |
| | |
| Mr. Fidell: | |
| Conferences with Client | 3.25 |
| Research | 5.75 |
| Conferences with Ms. Shaw | 2.75 |
| Revision of Pleadings | 3.00 |
| | 14.75 |
| | |
| Ms. Shaw: | |
| Conferences with Client | 7.75 |
| Research | 70.25 |
| Familiarization with Docket | 7.75 |
| Intra-office conferences | 5.00 |
| Drafting and Reviewing Pleadings | 98.50 |
| | 189.25 |
| Minus "billing judgment" | 50.00 |
| | 139.25 |

The Court notes that Mr. Fidell and Ms. Shaw were hired by Plaintiff to work on the attorneys' fees aspect of this litigation. Defendants contend that (1) intra-office conferences are not compensable, (2) the pleadings were "overworked and overwritten," and (3) conferences with the "client" (Messrs. Addlestone and Stichman) are not compensable. These allegations are without merit. The intra-office conferences enabled Ms. Shaw, a less experienced attorney, to handle the bulk of the attorneys' fees litigation. This provided for efficient use of resources. The pleadings were neither overworked nor overwritten. Finally, the conferences with the "client" were imperative, and would have represented billable hours in the private sector. They are therefore compensable. *Id.*, at 891.

## II. Reasonable Hourly Rate

As the Court in *Copeland* noted, the second step in the attorneys' fees analysis is establishing the reasonable hourly rate, *viz.*, "that prevailing in the community for similar work." *Id.*, at 892. Plaintiff seeks compensation of $110 per hour for Mr. Addlestone, $100 per hour for Messrs. Stichman and Simon, $35 per hour for Ms. Klein, Ms. Elkins, and Mr. Golinker, and $25 per hour

for Mr. Snyder. They also seek compensation at the rate of $110 per hour for Mr. Fidell and $60 per hour for Ms. Shaw for their work on the fees phase of this litigation.

Mr. Addlestone has been practicing law for over 15 years. Messrs. Stichman and Simon have each practiced for over seven years. The quality of their work has been consistently superb. All three are experts in military law with significant FOIA experience. They have proffered evidence indicating that the prevailing market rate in 1979 and 1980 for related types of litigation ranges from $100 to $125 per hour, given their experience and expertise. In fact, in *Maness v. Department of the Army*, No. 77–2164, (D.D.C.), the Department of the Army, one of the defendants in this litigation, agreed to compensate Mr. Addlestone at the rate of $90 per hour and Mr. Stichman at the rate of $60 per hour for work performed in 1977 and 1978. The Court finds that the rates requested for Messrs. Addlestone, Stichman, and Simon are reasonable.

Ms. Klein, Ms. Elkins, and Mr. Golinker were recent law school graduates when they worked on this litigation. The billable hourly rate for recent graduates in private law firms ranges from $40 to $60 per hour. The $35 per hour figure requested by Plaintiffs is a reasonable approximation of the costs of the work performed by these recent graduates. *See North Slope Borough v. Andrus*, 515 F.Supp. 961, at 971 (D.D.C. 1981). Likewise the $25 per hour figure attributable to Mr. Snyder is a reasonable approximation of the costs of his work product.

Mr. Fidell and Ms. Shaw are attorneys at LeBoeuf, Lamb, Leiby and MacRae; Mr. Fidell is a partner at the firm, and Ms. Shaw is a second year associate. Mr. Fidell's hourly rate was $140 in 1980 and is $150 in 1981. Ms. Shaw's hourly rate was $70 in 1980 and is $80 in 1981. Thus, the

---

**3.** Ms. Klein, Ms. Elkins, and Mr. Golinker were law school graduates who had not yet passed the bar. Thus compensation for them must be awarded under the rubric of costs. *Id.* at 966, n. 25.

rate requested for their service is reasonable. Applying the hourly rate to determine the lodestar in this litigation, a *Copeland* table may be thus presented:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Mr. Stichman | 124.50 | $100 | $12,450.00 |
| Mr. Addlestone | 37.35 | 110 | 4,108.50 |
| Mr. Simon | 30.00 | 100 | 3,000.00 |
| Mr. Snyder | 12.50 | 25 | 312.50 |
| Ms. Klein, Ms. Elkins, and Mr. Golinker | 43 | 35 | 1,505.00 |
| | | | $21,376.00 |
| Mr. Fidell | 14.75 | 110 | 1,622.50 |
| Ms. Shaw | 139.25 | 60 | 8,355.00 |
| Ms. Hattleberg[4] | 12.25 | 25 | 306.25 |
| | | | $10,283.75 |

### III. Adjustments to the Lodestar

Plaintiff contends that the lodestar should be revised upwards due to the contingent nature of the fee arrangement and the riskiness of the litigation, citing *Copeland v. Marshall*, at 892–893. It appears to the Court that any upward revision in the lodestar would be inappropriate in the instant case; all attorneys have been adequately compensated for their time spent on this litigation. The Court therefore declines to adjust the lodestar.

### IV. Costs

Plaintiff has presented a bill of costs (excluding compensation for work performed by the un-admitted law school graduates and paralegals) totaling $295.75. Defendants have not contested this bill of costs, and there is no evidence of record suggesting that the award for costs should not be made.

Plaintiff is therefore entitled to an award of attorneys' fees and costs totaling $31,955.50. An appropriate Order follows this Memorandum.

---

4. Ms. Hattleberg is a paralegal employed by LeBoeuf, Lamb, Leiby and MacRae. Defendants contest neither the reasonableness of the hours worked nor the reasonableness of the rate charged. An award for her work is made under the rubric of costs. *See* note 2, *supra*.