**CHESAPEAKE BAY FOUNDATION, INC., Plaintiff,**

v.

**U.S. DEPARTMENT OF AGRICULTURE, Defendant.**

Civ. A. No. 89–1943.

United States District Court, District of Columbia.

March 11, 1992.

Mitchell Regovin, Donovan, Leisure, Regovin, Huge & Schiller, Washington, D.C., for plaintiff.

Charles F. Flynn, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This case is before the Court on Plaintiff Chesapeake Bay Foundation's ("Chesapeake") Application for an Award of Attorneys' Fees. Plaintiff's underlying lawsuit was brought under the Freedom of Information Act ("FOIA"). Plaintiff now seeks recovery of its attorneys' fees and litigation costs from the Department of Agriculture ("USDA") under 5 U.S.C. § 552(a)(4)(E), FOIA's fee and cost recovery provision. Because Plaintiff "substantially prevailed" in its FOIA action against the USDA and because it is entitled to receive attorneys' fees, this Court will grant Plaintiff's Petition.

## BACKGROUND

This action was brought by Plaintiff to compel disclosure of certain USDA data concerning public agency pesticide use in and around the Chesapeake Bay watershed. The data, in part, underlie a publication entitled "Maryland Pesticides Statistics for 1985." Those statistics were issued cooperatively by the USDA and the Maryland Department of Agriculture.

Prior to the institution of the lawsuit, the parties pursued efforts to resolve the case without litigation. Plaintiff made a FOIA request in a letter dated July 26, 1988, and on August 8, 1988 the Defendant denied Chesapeake's request. Plaintiff appealed and on October 31, 1988 the USDA affirmed the denial, asserting that the information was exempt from disclosure under 7 U.S.C. § 2276. The parties also entered into negotiations concerning a possible effort to obtain consent from the state agencies to disclose that information. Those negotiations were unsuccessful and the USDA continued to maintain its confidentiality agreement with the state agencies. Defendant did not proceed on its own accord to obtain any waiver of that agreement from the state and thereby avoid litigation. Plaintiff brought this FOIA suit compelling disclosure.

The Plaintiff and the Defendant appeared before this Court on March 13, 1990 for a status call. At that time both parties had adopted adversarial postures and wished to proceed towards summary judgment on the merits under FOIA. At issue was what was the import on normal FOIA disclosure requirements when the information sought was collected by a state from its own agencies and then voluntarily given to a federal agency under a good faith confidentiality agreement. Indeed much of the transcript from the hearing reflects the arguments of the parties concerning the merits of their positions on this complex legal issue. Transcript of Status Call, March 13, 1990 at 2–23 ("Tr.").

At the status call, however, the Court attempted to resolve the case without deciding the legal issue. The Court issued an order directing that unless the state filed an objection within 60 days the material requested would be turned over to the Plaintiff. A hearing on the legal issue would only be held if the state did lodge objections and attempted to enforce the terms of its confidentiality agreement with the USDA. The Court order was aimed at resolving the case by first ascertaining whether the state was truly concerned with maintaining confidentiality. If there was no objection by the state, the Court would presume that the state did not wish to enforce its confidentiality agreement, and the material would be turned over pursuant to the Court's order.

The USDA argued against the Court issuing such an order. The government attorney indicated that she would have to "go back and discuss with the agency" but that the USDA "might seek an appeal" from the Court's order. Tr. at 28. The USDA also repeatedly asserted that, notwithstanding its earlier negotiations regarding a state waiver, the USDA had an "independent interest and [it] would want an opportunity to present that to the Court." Tr. at 30, 31. It was clear to the Court that, whatever position the USDA had taken before the lawsuit, at the status call it was in a 'litigation mode' and was opposed to any disposition which would result in Plaintiff receiving the requested information. Tr. at

34. Despite the government's position, the Court issued the Order for the State of Maryland to Show Cause why the information should not be given to Plaintiff. No objections were filed by the state, and the Plaintiff received substantially all the material it requested from the USDA. Plaintiff then filed this Petition for Attorneys' Fees and Litigation Costs.

## DISCUSSION

Under FOIA, a Court may "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Because the Plaintiff is both eligible for and entitled to attorneys' fees and because the USDA concedes that the amount requested is reasonable, the petition for $44,373.07 will be granted.

Whether a party has "substantially prevailed" under FOIA and is eligible for attorneys' fees and costs is a question of fact, and "it is well established in this circuit that this inquiry is largely a question of causation." *Weisberg v. U.S. Dept. Of Justice*, 745 F.2d 1476, 1496 (D.C.Cir. 1984). Thus, the Court must determine whether the legal action could "reasonably be regarded as necessary" to obtain the information and whether a "causal nexus exists between that action and the agency's surrender of that information." *Id.* Because Plaintiff's action before this Court was necessary and resulted in it obtaining substantially all the information it requested, Plaintiff is eligible to recover its attorneys' fees and litigation costs.

 It is undisputed that Plaintiff received substantially all of the material it requested. Defendant, however, claims that the suit was not the cause of Plaintiff gaining that information. The Defendant asserts that because this Court did not decide the legal issues in the case and because a waiver idea had been discussed by the parties prior to litigation, the suit was not necessary. Those arguments are without merit. The Defendant cannot seriously contend that FOIA does not permit

an award of attorneys' fees and costs unless the Court resolves the legal issues in the case. Such a rule would place a premium on possibly needless litigation while penalizing deserving litigants by denying them their attorneys' fees should they accept a settlement providing them with substantially all the relief they sought. The proper inquiry, then, is not what legal issues the Court decides, but whether Plaintiff was successful and whether that success was a direct result of the lawsuit.

Defendant also cannot claim that its pre-litigation settlement negotiations in this case rendered the litigation any less necessary to the receipt of the information. Although the government is to be commended for attempting to settle the case before a suit is filed, the government's obligation to reasonably avoid protracted litigation over possibly moot issues does not end when the complaint is filed. Plaintiff commenced this action only after its FOIA request was denied. The government responded to Plaintiff's action by filing its motion for summary judgment. In that motion and throughout the litigation the government sought to deny Plaintiff access to the information it sought. It contended that its grant of confidentiality to the state precluded disclosure of the information sought by Plaintiff.

The USDA did not need Plaintiff's permission to seek a waiver of confidentiality from the state. The waiver was only obtained after this Court requested that the state agencies show cause why the documents should not be turned over to the Plaintiff. When the Court indicated it would issue such an order the USDA was not receptive to this idea. The USDA reserved its right to appeal the order. It is clear to this Court that the USDA wished to litigate the legal issues at that time. The USDA repeatedly asserted that even if such waivers from the state agencies were procured, it would seek to vindicate its independent interest in not turning over the information. It later chose not to do so.

The Plaintiff should not be denied its attorneys' fees and costs because this Court exercised restraint in resolving the case without reaching novel and complex legal issues which the government pressed it to decide. Since Plaintiff's suit was necessary and was responsible for its obtaining the information requested, it is eligible for reasonable attorneys' fees and costs.

■ An eligible Plaintiff is "entitled" to attorneys' fees and litigation costs based upon the Court's balancing of the following four factors: (1) the benefit of the release to the public; (2) the commercial benefit of the release to the plaintiff; (3) the nature of the plaintiff's interest; and (4) the reasonableness of the agency's withholding. *See Weisberg,* 745 F.2d at 1498.

■ The Plaintiff in this case is clearly entitled to fees and costs under these factors. Chesapeake was acting as a public watchdog in obtaining this information. The entire public benefits when it has information regarding the use or nonuse of potentially harmful chemicals. In addition, the Plaintiff had no commercial interest in obtaining the information. Rather, it was only attempting to ascertain whether or not the information collected by the USDA indicated that the public as a whole was being subjected to unsafe or unhealthy chemical use. That interest is entirely appropriate for an award of attorneys' fees and costs. The fact is that Plaintiff would not have obtained the important information it requested "but for" its bringing this lawsuit.

Plaintiff is therefore entitled to an award of reasonable attorneys' fees and litigation costs. Since the Defendant does not contest the amount of the fee petition and the charges appear reasonable to the Court, Plaintiff's Fee Petition is granted in the amount of $44,373.07.