**CHESAPEAKE BAY FOUNDATION, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.**

Civ. A. No. 89–1943.

United States District Court, District of Columbia.

March 7, 1996.

Nancy Curnen Crisman, Stohlman, Beuchert, Egan & Smith, Anne Spielberg, Harmon, Curran, Gallagher & Spielberg, Mitchell Rogovin, Donovan, Leisure, Rogovin & Schiller, Washington, DC, for plaintiff.

Charles Francis Flynn, Molly D. Current, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on plaintiff's renewed application for award of attorneys' fees and costs. The underlying case was brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, in which plaintiff, the Chesapeake Bay Foundation, Inc. ("CBF"), sought documents relating to the use of pesticides in Maryland. Defendant, the United States Department of Agriculture, originally refused to release the documents and the names of the public agencies who provided the information. The defendant asserted that the documents were exempt under FOIA Exemption 3, which exempts from the FOIA any information "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Specifically, defendant claimed the Food Security Act, 7 U.S.C. § 2276, prohibited disclosure because the data would reveal the identities of the public agencies who provided the information.

In declining to release the information, defendant did not attempt to obtain waivers from the public agencies, even though the General Counsel for the Maryland Department of Agriculture indicated his belief that the agencies would be willing to authorize the release of the information. The Court notes that the defendant did not need CBF's authorization in order to seek such waivers. Had defendant obtained the waivers and released the information, this lawsuit could have been avoided. After CBF filed the current lawsuit, the Maryland public agencies who had provided this information to defendant waived protection of the information, and defendant ultimately released the information to plaintiff.

This Court granted attorneys' fees and costs to plaintiff on the basis that plaintiff had "substantially prevailed" in obtaining release of the requested documents. Defendant appealed. The Court of Appeals affirmed this Court's finding that plaintiff was "eligible" for an award of fees, but remanded the case for a determination of whether plaintiff is "entitled" to an award.

## LEGAL STANDARD

■ In determining whether an eligible FOIA litigant is "entitled" to attorneys' fees, the Court must weight the following four factors set forth in *Tax Analysts v. United States Dep't of Justice*, 965 F.2d 1092, 1093 (D.C.Cir.1992): (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the government had a reasonable basis for withholding the requested information. *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture*, 11 F.3d 211, 216 (D.C.Cir.1993).

■ Before applying the four factor balancing test, a preliminary determination must be made whether the government's position was legally correct. If the government was legally correct, then plaintiff may not recover attorneys' fees. *See Chesapeake Bay Foundation*, 11 F.3d at 216 ("[T]here can be no doubt that a party is not entitled to fees if the Government's legal basis for withholding requested records is correct.") If, however,

the government's action was contrary to law, then the Court must balance the four factors and determine whether to assess attorneys' fees.

## DISCUSSION

The Court finds the government did not have a legal basis to withhold the documents based on FOIA Exemption 3. Defendant relied on § 2276(a)(2) of the Food Security Act which prohibits the Secretary of Agriculture or any other person from disclosing certain information to the public "unless such information has been transformed into a statistical or aggregate form that does not allow the identification of the person who supplied particular information." 7 U.S.C. § 2276(a)(2).

■ The information sought was already in both statistical and aggregate form and did not reveal the identity of any "person" who supplied the information. The only identity revealed was the name of the county or agency who provided the data. The common usage of "person" does not encompass public agencies. Moreover, legislative history to the Food Security Act suggests the provision was meant to protect private suppliers of information from competitive and commercial misuse of the data, and that the statutory meaning of "person" does not extend to public agencies. *See* S.Rep.No. 145, 99th Cong. 1st Sess. 340, *reprinted in* 1985 U.S. Code Cong. & Admin. News 2006; H.Rep. No. 271(I) at 196–97, 99th Cong., 1st Sess., *reprinted in* 1985 U.S. Code Cong. & Admin. News 1300.

Because the cited statute does not apply to the specific information CBF requested and the government has cited no other statutory basis for withholding the data, the Court finds that the government inappropriately found the information to be exempt under the FOIA. Accordingly, the decision of whether to assess attorneys' fees will depend upon application of the four-part test outlined above.

■ Although the Court of Appeals found that the government had a reasonable basis to withhold the documents, the government's legal basis was flawed. Moreover, the other three factors weigh strongly in favor of awarding attorneys' fees. Plaintiff had no commercial interest in the information but was attempting to ascertain whether the level of pesticide use created a public safety hazard. The plaintiff's use of the requested materials clearly redounded to the public benefit.

Finally, the Court notes that this was a case that was unnecessary. This case was settled only when the Court intervened. The government was unwilling to seek waivers from the various state agencies until this Court stepped in and insisted that the request for waivers be made. The government did not need the intervention of this Court in order to seek the waivers. It is clear that the government would not have gone this route without plaintiffs having filed the case which brought about the Court's intercession.

The Court finds the awarding of attorneys' fees justified in this case. The lesson learned from the case is that the entire issue could have been avoided if the government on its own initiative would have sought the waivers in the first instance. It is not asking our government too much to go the extra step to help its citizens. Too often our government agencies take the indefensible position that they will do only as little as possible.

The resources expended in this case have been excessive. Already there have been at least eight hearings before this Court and one hearing before the Court of Appeals. In addition, this Court has issued at least 18 Orders and two Memorandum Opinions. The Court of Appeals has also written an opinion in this case. All of this effort could have been avoided if the government simply had tried to accommodate the public interest in the first instance.

## CONCLUSION

The Court will grant plaintiff's renewed application for an award of attorneys' fees and litigation costs. An appropriate order accompanies this opinion.

## ORDER

For the reasons stated in the foregoing opinion, plaintiff's renewed application for award of attorneys' fees and litigation costs is **GRANTED**.