CHESAPEAKE BAY FOUNDATION,
INC., Appellee,

v.

DEPARTMENT OF AGRICULTURE,
Appellant.

No. 96–5212.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 10, 1997.

Decided March 14, 1997.

Charles F. Flynn, Assistant United States Attorney, argued the cause for appellant, with whom Eric H. Holder, Jr., United States Attorney, and R. Craig Lawrence, Assistant United States Attorney, were on the briefs. John O. Birch, Assistant United States Attorney, entered an appearance.

Nancy Crisman, Washington, DC, argued the cause for appellee, with whom Anne Spielberg was on the brief. Diane Curran entered an appearance.

Before: SILBERMAN, WILLIAMS, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SILBERMAN.

SILBERMAN, Circuit Judge:

Appellant United States Department of Agriculture (USDA) challenges for the second time an award to the Chesapeake Bay Foundation of attorneys' fees incurred in pursuing a FOIA request. We reverse.

## I.

The Chesapeake Bay Foundation is a not-for-profit corporation whose principal goal is to pursue projects designed to restore and maintain the biological integrity of the Chesapeake Bay.[1] In 1988, after determining that survey data concerning pesticide use by Maryland state agencies were unavailable to the public, the Foundation sought release of the data from USDA. The Foundation initially made an informal request for the data, but USDA responded that 7 U.S.C. § 2276(a)(2) (1994), which provides that USDA may not disclose certain information furnished to it "unless such information has been transformed into a statistical or aggregate form that does not allow the identification of the person who supplied particular information," prohibited USDA from disclosing information that identified the state agencies that had supplied it. USDA did offer, however, to seek waivers from the state agencies if the Foundation would pay the postage to mail the waiver requests. The Foundation then filed a formal request for the data under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* (1994), which USDA denied, again citing 7 U.S.C. § 2276(a)(1), while reiterating its offer to seek waivers if the Foundation would pay for postage.

Believing that it had a legal right to the information, and apparently fearing that a voluntary waiver procedure would result in an incomplete data set, the Foundation refused USDA's offer to seek waivers and instead filed suit to compel release of the data. After the parties filed cross-motions for summary judgment—but without deciding whether the Foundation was legally entitled to the information—the district court entered an order directing the Attorney General of Maryland and the individual state agencies to file any objections to the release of the survey data. All of the Maryland agencies eventually waived their confidentiality interests, and the Foundation received substantially all of the information it had requested.

The Foundation then filed a request for attorneys' fees and costs as a "substantially prevailing" party under FOIA. *See* 5 U.S.C. § 552(a)(4)(E). The district court determined that the Foundation was "eligible" for fees and costs because the Foundation's success at obtaining the information was a direct result of the lawsuit. *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture*, 785 F.Supp. 1030, 1032 (D.D.C.1992). Purporting to apply the four-factor test of *Weisberg v. United States*, 745 F.2d 1476, 1498 (D.C.Cir.1984)—under which the district court is directed to consider the public benefit of the release of the information, the commercial benefit to the plaintiff, the nature of the plaintiff's interest in the information, and the reasonableness of the agency's basis for withholding the information—the district court concluded that the Foundation was "entitled" to fees and costs (over $44,000) because "the entire public benefits when it has information regarding the use or nonuse of potentially harmful chemicals." 785 F.Supp. at 1033.

We affirmed the district court's determination that the Foundation was "eligible" for fees and costs, but remanded on the entitlement question because the district court had "completely failed to consider" the fourth *Weisberg* factor—whether USDA had a reasonable basis for withholding the information. *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture*, 11 F.3d 211, 216 (D.C.Cir.1993) (*Chesapeake Bay Foundation I*), *cert. denied*, 513 U.S. 927, 115 S.Ct. 315, 130 L.Ed.2d 277 (1994). We directed the district court first to consider the applicability of 7 U.S.C. § 2276(a)(1), for no fees would be recoverable if USDA was legally prohibited from disclosing the data. *Id.* Even if USDA were not legally prohibited from disclosing the survey data, in weighing the *Weisberg* factors, we said "the issue of the reasonableness of the Government's position [was] not open to question" for it was "*clear* that USDA's basis for withholding the survey data was reasonable." *Id.* at 217

---

1. A detailed background of this case is set forth in our prior opinion, *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture*, 11 F.3d 211 (D.C.Cir.1993), *cert. denied*, 513 U.S. 927, 115 S.Ct. 315, 130 L.Ed.2d 277 (1994), and in two district court opinions, *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture*, 785 F.Supp. 1030 (D.D.C.1992), and *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture*, 917 F.Supp. 64 (D.D.C.1996).

(emphasis added). We also "reject[ed] the finding of the trial judge that Government counsel and USDA officials were guilty of obdurate conduct." *Id.*

On remand, the district court determined that 7 U.S.C. § 2276(a)(1) did not prohibit USDA from disclosing the survey data because it was already in "statistical and aggregate form" and because the data revealed only the names of counties or agencies, not "persons." *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture,* 917 F.Supp. 64, 66 (D.D.C.1996). Balancing the *Weisberg* factors, the district court again found the Foundation entitled to attorneys fees and costs (now more than $56,000). In the district court's view, the Foundation's "use of the requested materials clearly redounded to the public benefit," and "[a]lthough the Court of Appeals found that the government had a reasonable basis to withhold the documents," the government should have "sought the waivers in the first instance," making the court's intervention "unnecessary." *Id.*

## II.

Reiterating its position in *Chesapeake Bay Foundation I,* USDA contends that it was legally prohibited by 7 U.S.C. § 2276(a)(2) from disclosing the survey data to the Foundation, and hence fees and costs cannot be awarded. In USDA's view, state agencies are "persons" under the statute, and USDA had not "transformed" the survey data into a "statistical or aggregate form that [did] not allow the identification of the person [agency] who supplied particular information." 7 U.S.C. § 2276(a)(2). The Foundation counters that "person" does not include state agencies because 1 U.S.C. § 1 defines "person" for all acts of Congress (unless the context indicates otherwise) to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals"—but not state agencies. And, in the Foundation's view, the Maryland agencies had themselves "transformed" raw data provided by individual users into "statistical or aggregate data."

■ We need not decide this difficult question, however, because even if disclosure were not legally prohibited by 7 U.S.C. § 2276(a)(2), the district court abused its discretion in finding that the Foundation was entitled to attorneys' fees and costs. Implicit in the district court's award was its view that the "public benefit" of the Foundation's request for the data lay in the use of the survey data to determine whether the use of pesticides in Maryland created a public safety hazard. 917 F.Supp. at 66; *see also* 785 F.Supp. at 1033. We believe the court, in this respect, misunderstood the nature of the public benefit inquiry. Although we have chosen different language to characterize this inquiry, *compare, e.g., Weisberg,* 745 F.2d at 1498 (court must consider "the benefit of the release to the public"), *with Cuneo v. Rumsfeld,* 553 F.2d 1360, 1365 (D.C.Cir.1977) (court must consider "the benefit to the public, if any, derived from the case"), our recent decisions make clear that the court must consider "the public benefit derived *from the case," Tax Analysts v. Dep't of Justice,* 965 F.2d 1092, 1093–94 (D.C.Cir.1992) (emphasis added); *Chesapeake Bay Foundation I,* 11 F.3d at 216, *i.e.,* the litigation.

■ As we noted in *Chesapeake Bay Foundation I,* however, "the solution adopted by the [district] court essentially mirrored USDA's pre-litigation suggestion that waivers be sought.... USDA was required to do nothing more than what it had proposed to do before the lawsuit was filed." 11 F.3d at 213. (Given this appellate conclusion, we cannot understand why the district court nevertheless insisted, on remand, that USDA "was unwilling to seek waivers from the various state agencies until this Court stepped in and insisted that the request for waivers be made." 917 F.Supp. at 66.) The only difference between USDA's pre-litigation offer and the district court's solution was that the Foundation did not have to pay for postage under the latter—which is hardly a significant public benefit. Nor is the establishment of a legal right to information a public benefit for the purpose of awarding attorneys' fees. *See Cotton v. Heyman,* 63 F.3d 1115, 1120 (D.C.Cir.1995) (precedential value of a holding that the Smithsonian is an agency subject to FOIA not a public benefit).

\*      \*      \*      \*      \*      \*

Where, as here, there was no public benefit to the litigation, an award of attorneys' fees and costs is unwarranted. We therefore reverse.