RANDOLPH, Senior Circuit Judge,
dissenting:
Precedent forces the majority to apply a longstanding test for determining whether to award attorney’s fees. It is time to recognize that this test is a legal relic. It is derived not from the statute but from statements in committee reports, it is inconsistent with now-settled FOIA law that the identity of the requester is irrelevant, see, e.g., NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); Sterling Drug, Inc. v. FTC, 450 F.2d 698, 705 (D.C.Cir.1971), and it draws an irrational line between news organizations and other commercial and non-commercial businesses and individuals.[1] Although stare decisis commands us to use the test, it does not command us to render it even more senseless than it already is.
The majority holds that Davy should be treated as a journalist and is entitled to attorney’s fees because he provided a public benefit by gathering valuable information through this lawsuit. This is unsupported and unsupportable. Davy wrote a book a few years before the government complied with his FOIA request. I do not know if that makes him a “journalist.” I *1167 cannot see why that should matter in any event. Davy provided nothing to show that the information he sought and received was valuable or important. The majority is incorrect in stating that the government conceded otherwise. See Gov’t Br. at 11. Much of what Davy obtained was already in the public domain, released under the John F. Kennedy Assassination Records Collection Act of 1992, Pub.L. No. 102-526, 106 Stat. 3443. No one can say why the relatively few newly released documents Davy obtained benefited the public in any way. Davy asserts that new information came to light, but this consisted of the names of people who had obtained a clearance for classified material or the code names of already-known people and enterprises. See Davy Decl. ¶¶ 1-3. This is the kind of data the populace would greet with a yawn. It surely does not amount to “information that citizens may use in making vital political choices.” Cotton v. Heyman, 63 F.3d 1115, 1120 (D.C.Cir.1995). Davy may think the public profited from his efforts, but he has never said why.
Even if his documents amounted to anything, Davy failed to show that “the public” — whoever that might be — was somehow better off as a result of his FOIA request. Davy obtained the documents in 2001, two years after his book was published. He submitted no evidence that he showed the documents to anyone else (other than his lawyer and the court) or that he posted them online or that he published anything about them or that he plans to do so in the future. For all we know the documents are gathering dust in the corner of his closet. Tax Analysts stressed that the very small circulation of a publication was a reason for denying fees, see Tax Analysts v. Dep’t of Justice, 965 F.2d 1092, 1094 (D.C.Cir.1992), and several of our cases have rejected fee requests when the requested information was not widely disseminated to the public, see Cotton, 63 F.3d at 1120; Fenster v. Brown, 617 F.2d 740, 744 (D.C.Cir.1979).
In short, Davy did not even come close to satisfying his burden of showing that his lawsuit produced something of value. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Anderson v. Soc’y of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir.1996). For that reason the public should not have to foot the bill for his litigation costs.
I will end with a few words about the concurring opinion. Judge Tatel says that what matters in terms of public benefit are “the reasons [the documents] were requested.” Op. of Judge Tatel 1. He caps this off by telling us that Davy “sought records regarding the assassination of an American president.” Id. at 2. Judge Ta-tel’s first proposition misstates the law; his second misstates the facts. As I have already said, the law of the circuit is clear: the public benefit criterion favors awarding fees only when “the complainant’s victory is likely to add to the fund of information that citizens may use in making vital political choices.” Cotton, 63 F.3d at 1120. Nothing in that formulation turns on the requester’s motives in seeking the documents. Rather, a court must “evaluate the specific documents at issue in the case at hand,” id., and determine whether the public actually benefited from the FOIA litigation, Chesapeake Bay Found., Inc. v. Dep’t of Agric., 108 F.3d 375, 377 (D.C.Cir.1997). As to the facts, Davy did not seek records relating to the assassination of President Kennedy, as Judge Tatel represents. Davy requested files relating to a program involving background checks and a CIA-operated airline. There is nothing to connect any newly released information to the Kennedy assassination. Maybe Davy imagined some connection. But it had not occurred to me that the taxpayers *1168 ought to be subsidizing someone who is pursuing a figment.

. If there is any group that does not need an extra incentive — in the form of attorney’s fees — to bring FOIA cases, it is the group that is in the business of profiting from the information when it winds up in their newspapers and magazines and TV shows.