**CENTER TO PREVENT HANDGUN VIOLENCE, Plaintiff,**

v.

**U.S. DEPARTMENT OF THE TREASURY, et al., Defendants.**

**Civil Action No. 96–1590 (JR).**

United States District Court, District of Columbia.

Oct. 20, 1997.

Michael D. Bergman, Ivan K. Fong, Christopher N. Sipes, Kurt G. Calia, Covington & Burling, Washington, DC, for Plaintiff.

Julian A. Cook, III, Assistant U.S. Attorney, Washington, DC, for Defendants.

## MEMORANDUM

ROBERTSON, District Judge.

This Freedom of Information Act case concerns FOIA requests to the Bureau of Alcohol, Tobacco, and Firearms ("ATF") for data submitted to ATF by federally licensed gun dealers in Florida, Georgia, Alabama, and Mississippi pursuant to 18 U.S.C. § 923(g)(3)(A). That statute requires gun dealers to report to ATF and local law enforcement authorities the sale within five consecutive business days of two or more handguns to the same individual. These reports, called multiple sales reports, are the starting points for investigations of illegal gun trafficking.

ATF officials informed plaintiff that its FOIA request would encompass 28,000 reports and cost $17,000 to process. Plaintiff then requested preferred fee status under 5 U.S.C. § 552(a)(4)(A). Plaintiff and ATF officials met and decided on a compromise request: plaintiff would review a random 10 percent sampling of the reports before proceeding with its request for the rest of them, and ATF would provide the 10 percent sampling for free.

ATF turned over the agreed sample but redacted from the reports the serial numbers of the guns reported sold and information that would identify the gun sellers. Plaintiff appealed the redaction, but did not address in its appeal the release of the rest of the reports or the fee issue. ATF denied plaintiff's appeal, invoking FOIA Exemptions 4 (confidential commercial information) and 7(C) (law enforcement reports whose release would lead to an unwarranted invasion of privacy).

In this action, plaintiff not only challenges ATF's claims of exemption, but it also demands the release of the remaining 28,000 documents and asks that it be awarded preferred fee status. Both parties have moved for summary judgment. For the reasons stated below, summary judgment will be awarded to plaintiff on the claims challenging ATF's applied exemption. Plaintiff's claim for preferred fee status as to the remaining documents will be dismissed.

### Analysis

#### 1. Fee status

 Plaintiff failed to exhaust its administrative remedies regarding its fee status. Its claim of entitlement to "equitable tolling" of the exhaustion requirement because it entered into its agreement with ATF "in good faith" is not compelling. Strict enforcement of the exhaustion doctrine is favored in FOIA cases. *See, e,g,, Dettmann v. United States Dep't of Justice,* 802 F.2d 1472 (D.C.Cir. 1986).

#### 2. The FOIA exemptions

##### a. Exemption 4

█ FOIA Exemption 4 protects from disclosure "trade secrets and commercial or financial information obtained from a person [that are] privileged and confidential." 5 U.S.C. § 552(b)(4). The parties agree that the information at issue in this case is commercial in nature. The question is whether the information is confidential. Information is confidential for Exemption 4 purposes if: (1) disclosure is likely to cause substantial harm to the competitive position of the person from whom it was obtained; or, (2) disclosure is likely to impede the government's future efforts to obtain such information. *National Parks & Conservation Ass'n v. Morton,* 498 F.2d 765 (D.C.Cir.1974).

 The first element requires a showing of "actual competition and a likelihood of serious injury" if the requested documents are released. *CNA Fin. Corp. v. Donovan,* 830 F.2d 1132, 1152 (D.C.Cir.1987). ATF has not satisfied that test. Its argument that releasing the reports would allow competitors to sell the same weapons listed in the reports at lower prices, Pritchett Decl. ¶ 29, is not persuasive. The prices at which guns are sold are not shown on multiple sales reports. Pltf.'s Brief, Weil Decl. ¶ 10.

 ATF goes on to argue that releasing the reports would subject licensees to unwarranted criticism and harassment. However that may be, the harm contemplated by Exemption 4 is that which may flow from *competitors'* use of the released information, not from any use made by the public at large or customers. *Public Citizen Health Res. Grp. v. FDA,* 704 F.2d 1280 (D.C.Cir.1983).

 Applying the second element of the *National Parks* test, a court may assume that, as a general matter, releasing information will not impede the government's efforts to obtain the information when the requested information has been gathered pursuant to a statutory obligation. *National Parks,* 498 F.2d at 770. The multiple sales reports are mandatory, and the government can enforce the filing obligation. *See Washington Post Co. v. U.S. Dep't of Health,* 690 F.2d 252 (D.C.Cir.1982). Nor has ATF shown that the accuracy of the information in multiple sales reports would be jeopardized by public disclosure. The chief of ATF's disclosure branch declares that firearms dealers might be motivated to lie on their multiple-sales reports because of the risk of public opprobrium, Pritchett Decl. ¶ 27–29, but this statement is speculative and does not seem reasonable.

##### b. Exemption 7(C)

Exemption 7(C) covers "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (C) could reasonably be expected to constitute an unwarranted invasion of privacy." 5 U.S.C. § 552(b)(7)(C).

 The multiple-sales reports are clearly law enforcement records under the statute, *see John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989). The dispute is whether (1) a privacy interest is implicated by the release of the dealer identities and weapon serial numbers, and (2) if there is a privacy interest, whether it is outweighed by the public interest served by the release.

###### 1. Privacy interests

█ *(a) The interests of the gun seller.* Gun sellers have no privacy interest in the contents of multiple sales reports that is protected by Exemption 7(C).

 Exemption 7(C) does not apply to "[i]nformation relating to business judgments and relationships" when the information does

not implicate any business actor in a crime. *Washington Post Co. v. United States Dep't of Justice,* 863 F.2d 96, 100 (D.C.Cir.1988); *see also Sims v. C.I.A.,* 642 F.2d 562 (D.C.Cir.1980) (Exemption 6). Exemption 7(C) does not apply to information in law enforcement reports that is not inculpatory or inflammatory and does not jeopardize an inchoate or ongoing criminal investigation. *Nation Magazine v. United States Customs Service,* 71 F.3d 885 (D.C.Cir.1995). An agency may not "exempt from disclosure all of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provides that person's name and address." *Id.* at 896. The categorical exclusion from release of names in law enforcement reports applies only to subjects, witnesses, or informants in law enforcement investigations. *Id.*

ATF is of course free to withhold a specific report or group of reports under Exemption 7(A) (interference with law enforcement proceedings) but has not done so in this case. ATF declined the invitation at oral argument to assert that public disclosure of some but not all multiple sales reports would compromise ongoing investigations by disclosing its interest in those dealers whose records are withheld under an Exemption 7(A) claim.

*(b) The interests of gun buyers.* Plaintiff asks only for the serial numbers of guns sold and has expressly requested that the names of buyers be deleted. The privacy interest with respect to buyers, accordingly, arises only if they can be identified by the public release of gun serial numbers. It is undisputed that only six states maintain public lists of gun serial numbers and owners. Plaintiff's FOIA request involves only one of these states: Alabama—and in Alabama, the database is not computerized. Polston Decl. at ¶ 20. The privacy interests of gun buyers in the release of multiple sales reports is thus vanishingly small.

### 2. The public interest

Because ATF has not demonstrated the existence of more than negligible privacy interests in the quotidian business transactions recorded in ATF multiple sales reports, plaintiff does not need to assert a very compelling public interest to obtain the information it seeks. And, indeed, the public interest asserted here is too broadly drawn to withstand more than the low level of scrutiny required by ATF's showing.

"Mere speculation about hypothetical public benefits," *United States Dep't of State v. Ray,* 502 U.S. 164, 178, 112 S.Ct. 541, 549, 116 L.Ed.2d 526 (1991), will not suffice, however. There must be some public interest in disclosure, and it must must reflect FOIA's core purpose of "shed[ding] light on an agency's performance of its statutory duties." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 1481–82, 103 L.Ed.2d 774 (1989).

Plaintiff wants to use the multiple sales reports, *inter alia,* to learn how many guns that show up in the Firearms Trace Database were sold in multiple sales transactions and whether particular types or models of handguns sold in multiples are also frequently used to commit crimes. Plaintiff also wants to analyze the reports to determine if there is any correlation between the locations of dealers, multiple sales transactions and guns used in crime. Together, these studies will "open to public scrutiny ATF's performance of its statutory duties by determining whether ATF is employing the most efficient methods and allocating the proper resources to enforce the country's gun control laws and curtail illegal interstate gun trafficking." Pltf.'s Brief at 33. This self-appointed watchdog role is recognized in our system. Its public benefit would arguably be too hypothetical to outweigh a "demonstrably significant" invasion of privacy, but since only miniscule privacy interests are implicated in the multiple sales reports in the form requested by plaintiff, plaintiff's articulation of public interest will suffice in this case.

An appropriate order accompanies this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, it is this 20th day of October, 1997,

ORDERED that plaintiff's and defendant's cross-motions to dismiss or for summary judgment [# # 14 & 18] are each **granted in part and denied in part.** Summary judgment is awarded to plaintiff on Count I as to its request for the names and locations of federal firearms licensees and gun serial numbers contained in the multiple sales reports. Count I of plaintiff's complaint is dismissed insofar as it seeks the release without the payment of copying costs of records outside of the 10 percent document sampling provided to plaintiff. Count II is dismissed.