**CENTER TO PREVENT HANDGUN VIOLENCE, Plaintiff,**

v.

**U.S. DEPARTMENT OF THE TREASURY, et al., Defendants.**

**No. Civ.A.96–1590 (JR).**

United States District Court, District of Columbia.

April 29, 1999.

Thomas S. Williamson, Jr., Ivan K. Fong, Christopher N. Sipes, Kurt G. Calia, Covington & Burling, Washington, DC, for plaintiff.

David T. Smorodin, Assistant U.S. Attorney, Washington, DC, for defendants.

## *MEMORANDUM*

ROBERTSON, District Judge.

This case is before the Court, pursuant to Fed.R.Civ.P. 54(d)(2), on plaintiff's motion for attorneys' fees and costs. Almost three years ago, plaintiff, the Center to Prevent Handgun Violence (CPHV), brought suit under the Freedom of Information Act against defendants, the Bureau of Alcohol, Tobacco, and Firearms (ATF). The suit was partially concluded by this Court's grant of summary judgment in favor of plaintiff on the merits of its FOIA request, and ultimately concluded by defendant's decision to grant plaintiff's request for a fee waiver. In a FOIA case, a court may assess "reasonable attorneys' fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Because plaintiff "substantially prevailed" and because plaintiff's fee request is reasonable, the motion will be granted.

### *Facts*

For the past four years, the Center to Prevent Handgun Violence has sought information from the Bureau of Alcohol, Tobacco, and Firearms about sales by federally licensed gun dealers. In February 1995, CPHV filed its first FOIA request with ATF. CPHV, a non-profit corporation, sought the information at no cost. On March 8, 1995, CPHV and ATF representatives met to discuss CPHV's requests for information and a fee waiver. CPHV agreed to accept a ten percent random sample of reports, at no cost, to determine its need for the requested materials. On May 11, 1995, ATF produced the ten percent sample, without charging a fee, but withheld the serial numbers of the guns and information that would identify the particular seller. CPHV's administrative appeal from that withholding action was denied on August 22, 1995.

CPHV filed this lawsuit on July 3, 1996. The parties filed cross-motions for summary judgment. On October 20, 1997, this Court ruled that CPHV was entitled to all the information it had requested, but that CPHV had failed to exhaust its administrative remedies as to its request for a fee waiver for remaining ninety percent of the records. *See Center to Prevent Handgun Violence v. U.S. Dept. of Treasury*, 981 F.Supp. 20 (D.D.C.1997). ATF did not appeal the ruling.

Seven days after that ruling, CPHV sent a letter to ATF seeking a decision on the previously requested fee waiver. ATF refused to rule on CPHV's request. ATF's rationale was that CPHV had failed to describe the public interest involved in disclosure of the information and in any event, that CPHV had no pending FOIA request. ATF took the position that CPHV would have to start from scratch, submitting a new FOIA request and a new fee waiver request.

On February 13, 1998, CPHV filed a "preferred fee motion," asking for a finding that CPHV had indeed now exhausted its administrative remedies and for an order that ATF rule on the preferred fee request within 30 days, or at least a briefing schedule on the issue of whether CPHV was entitled to preferred fee status. ATF did not respond or take any action. On May 8, 1998, CPHV moved under Local Rule 108(b) for an order treating its earlier motion as conceded, and on May 14, 1998, the Court issued a show cause order. ATF's response, on May 28, 1998, was a motion for enlargement of time, which stated that defense counsel was "endeavoring to work with the Defendants to resolve

[the preferred fee request] issue without the necessity of additional Court action" and that he "believed an additional ten working days will be necessary to obtain all the necessary approvals to resolve this matter." The matter was not resolved. Instead, on June 12, 1998, ATF responded to the show cause order, stating that it would rule on CPHV's preferred fee request within 30 days. What ATF filed on July 17, 1998, was not a ruling, but an opposition to CPHV's preferred fee motion.

At a hearing on September 28, 1998, the Court ordered ATF to rule on CPHV's fee waiver request by the close of business that day and to file its ruling with the Court, so that the Court could rule on it the next day. By the close of business of September 28, 1998, ATF granted CPHV's request for a fee waiver. Plaintiff filed its attorneys' fees request on October 14, 1998, seeking an award of fees and costs in the amount of $183,594.13. In its reply brief, filed January 11, 1999, plaintiff reduced its request to $180,266.63. See Pl. Reply Br. at 23; Calia Supp.Decl. ¶ 11.

### Analysis

■ In a FOIA case, a court may assess "reasonable attorneys' fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). To obtain an award, an applicant must demonstrate (1) that he "substantially prevailed" in the litigation and is thus "eligible" for an award; and (2) that he is entitled to fees under a separate inquiry. *See Weisberg v. United States Dep't of Justice,* 848 F.2d 1265, 1268 (D.C.Cir.1988).

■ For a plaintiff to show that he "substantially prevailed," he must demonstrate that the lawsuit was "reasonably necessary" to obtain the requested information and "substantially caused the requested information to be released." *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture,* 11 F.3d 211,

216 (D.C.Cir.1993), *cert. denied,* 513 U.S. 927, 115 S.Ct. 315, 130 L.Ed.2d 277 (1994). CPHV prevailed both in obtaining the requested information and in securing a fee waiver. ATF concedes that "this suit resulted in the release of some additional material to the Plaintiff." Def.Opp.Br. at 3. On October 20, 1997, the Court granted summary judgment on Count I, finding that ATF wrongfully withheld the requested information from plaintiff. ATF did not appeal this ruling. ATF further concedes that "at the Court's direction, the ATF voluntarily issued a decision granting Plaintiff's request for a fee waiver." *Id.* ATF is correct that it granted the request "at the Court's direction," but it is hard to see how ATF's decision was made "voluntarily." It is clear from ATF's inaction, the positions it took in its filings, and its motions for extensions of time from October 1997 to September 1998, that ATF would not have granted CPHV's fee waiver if CPHV had not continued to press the issue. The lawsuit caused the information to be released and the fee waiver to be granted, and therefore CPHV substantially prevailed.

■ Turning to the question of whether plaintiff is entitled to a fee award, four factors must be considered: (1) the public benefit derived from the case; (2) the commercial benefit to plaintiff; (3) the nature of plaintiff's interest in the records sought; and (4) whether the government had a reasonable basis for withholding the requested information. *Chesapeake Bay Foundation,* 11 F.3d at 216.

■ There is public benefit in the release of information that adds to citizens' knowledge of how ATF regulates multiple handgun sales and how those sales affect public safety. "[C]omplainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman,* 63 F.3d 1115, 1120 (D.C.Cir.1995) (citation and quotation omitted). ATF concedes the point that CPHV, a non-profit corporation, will not derive commercial benefit from the

case. It seeks the records only to "further the enforcement of federal gun control laws." Def.Opp.Br. at 4. As for whether there was a reasonable basis for its decision to withhold the requested information, ATF's reliance on my statement at the conclusion at the summary judgment motion hearing—that "there are opposing interests here, neither of which strikes me as crystal clear," Def.Opp.Br. at 5—is misplaced. The colloquy was, literally, *obiter dicta.* The holding was that ATF had improperly withheld the information. The "reasonable basis in law" factor is in any event not dispositive, and can be outweighed by the public benefit and commercial benefit to plaintiff factors. *See Tax Analysts v. IRS,* 1996 WL 134587 *4, 1996 U.S. Dist. LEXIS 22115 *3 (D.D.C.1996). Moreover, an award of fees to CPHV fulfills Congress' two purposes in allowing the awarding of fees in FOIA cases: "to encourage Freedom of Information Act suits that benefit the public interest" and to serve "as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements." *LaSalle Extension Univ. v. Federal Trade Comm'n,* 627 F.2d 481, 484 (D.C.Cir.1980).

ATF indeed concedes that "some award of fees and costs is probably appropriate in this case," Def.Opp.Br. at 1. The real dispute is over the *amount.* ATF does not take issue with the billing rates of plaintiff's counsel, nor with the number of, legal assistants. ATF does take issue with the number of hours billed by plaintiff's counsel, complaining that the amount of time they spent on a routine FOIA case, involving no discovery, was excessive.

"The reasonableness of a fee request must be evaluated in light of the results obtained." *Northwest Coalition for Alternatives to Pesticides v. Browner,* 965 F.Supp. 59, 64–65 (D.D.C.1997). The result obtained in this case was the release to the public of a substantial body of information about sales by federally licensed gun dealers. The Court did not consider this FOIA case "routine." After prevailing on the merits, plaintiff had to spend almost a year prodding ATF to act on its fee request motion. The entire litigation dragged on for three years. Plaintiff filed a cross-motion for summary judgment, an opposition to ATF's motion for summary judgment, a reply brief for its cross-motion for summary judgment, a statement of material facts, a counter-statement of material facts, two lengthy declarations in support of its cross motion, and a motion to obtain preferred fee status. They prepared for and presented two oral arguments—one on the merits and another on the fee waiver. It is true that six attorneys worked on the case, but ATF has not asserted that their work was duplicative. Plaintiff reduced its fee request by $38,438.75, or 17.7% of the total fees billed, *see* Calia Supp.Decl. ¶ 12, and has not sought fees for work related to the instant attorneys' fees motion. In its reply brief, plaintiff further offered to reduce its fees by $3,327.50, half of the time that one of the attorneys spent preparing for an oral argument he never presented because the Court postponed it at the last minute. *See* Pl. Reply Br. at 23; Calia Supp.Decl. ¶ 11.

Even with the reductions, the requested fee is based on a very high number of lawyer hours. In an ideal world, the work done on this case could have been done in perhaps half the time. Delays and dilatory tactics reduce efficiency, however, by causing work to be stopped and restarted, and by requiring counsel to climb learning curves again and again. ATF bears much of the responsibility for any inefficiency revealed in the billing materials presented by plaintiff's counsel.

The level of detail in billing materials meets the standard set forth in *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1326 (D.C.Cir.1982). The description is "sufficiently detailed information about the hours logged and the work done ... to permit the District Court to make an accurate and equitable award [and] to place

government counsel in a position to make an informed determination as to the merits of the application."

The time billed for work done before plaintiff filed its complaint is compensable. "Compensable time shall not be limited to hours expended within the four corners of the litigation.... However, there must be a clear showing that the time was expended in pursuit of a successful resolution of the case in which fees are being claimed." *Concerned Veterans,* 675 F.2d at 1335. The pre-complaint billings are only for drafting and revising the complaint, fact research, and legal memoranda analyzing FOIA exemptions and plaintiff's best arguments. *See* Pl. Reply Br. at 19–20; Calia Dec.Ex. B; Calia Supp.Dec. ¶ 13. Counsel did not bill for administrative costs. Calia Supp.Dec. ¶ 9. See *Northwest Coalition,* 965 F.Supp. at 65.

ATF's assertion that plaintiff's counsel used this case as a training vehicle is rejected. Only one junior associate worked on the case, and his time represents only 7 percent of the total hours billed on the case. Moreover, 11 percent of his hours were excluded from CPHV's final fee motion. Calia Supp.Decl. ¶ 7.

ATF's contention that the motion for costs should be denied because it is unclear is also rejected. Costs are clearly set forth in the motion. They are mostly computer research and photocopying charges. *See* Calia Dec., Ex. E.

For the reasons set forth above, the motion will be granted.